# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MISSOURI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>FERGUSON-FLORISSANT SCHOOL DISTRICT, et al.,<br><br>Defendants. | Cause No. 4:14 CV 2077 RWS |

## AMENDED ANSWER OF DEFENDANT FERGUSON-FLORISSANT SCHOOL DISTRICT

COMES NOW Defendant Ferguson-Florissant School District (hereinafter "FFSD"), and for its Amended Answer to Plaintiff's Complaint, states as follows:

1. Defendant FFSD denies the allegations in Paragraph 1. For further answer and as an affirmative defense, Defendant FFSD states the voting process for school board elections are statutory and that it has no authority to change the voting process. See §§162.261, 162.291, 162.341, 162.459, 115.121.3 RSMo. (2004).

2. Defendant FFSD admits the District extends through numerous municipalities. Defendant FFSD denies all other allegation in Paragraph 2. For further answer and as an affirmative defense, Defendant FFSD states the voting process for school board elections are statutory and that it has no authority to change the voting process. See §§162.261, 162.291, 162.341, 162.459, 115.121.3 RSMo. (2004).

3. Defendant FFSD has insufficient knowledge or belief to admit or deny the statements regarding the NAACP or the individual plaintiffs contained in Paragraph 3, so therefore deny the

1

same. Defendant denies all other allegations in Paragraph 3. For further answer and as an affirmative defense, Defendant FFSD states the voting process for school board elections are statutory and that it has no authority to change the voting process. See §§162.261, 162.291, 162.341, 162.459, 115.121.3 RSMo. (2004).

4. Defendant FFSD denies the allegations in Paragraph 4. For further answer and as an affirmative defense, Defendant FFSD states the voting process for school board elections are statutory and that it has no authority to change the voting process. See §§162.261, 162.291, 162.341, 162.459, 115.121.3 RSMo. (2004).

5. Defendant FFSD has insufficient knowledge or belief to admit or deny the statements/allegation in Paragraph 5, so therefore denies the same.

6. Defendant FFSD admits the allegation in Paragraph 6.

7. Defendant FFSD has insufficient information to admit or deny the allegations in Paragraph 7, so therefore denies the same.

8. Defendant FFSD denies the allegations in Paragraph 8.

9. Defendant FFSD denies the allegations in Paragraph 9.

10. Defendant FFSD denies the allegations in Paragraph 10.

11. Defendant FFSD denies the allegations in Paragraph 11.

12. Defendant FFSD denies the allegations in Paragraph 12.

13. Defendant FFSD denies the allegations in Paragraph 13.

14. Defendant FFSD admits the allegations in Paragraph 14.

15. Defendant FFSD admits the allegations in Paragraph 15.

16. Defendant FFSD admits the allegations in Paragraph 16.

17. Defendant FFSD denies the allegations in Paragraph 17.

18. Defendant FFSD admits the allegations in Paragraph 18.

19. Defendant FFSD admits the allegations in Paragraph 19 regarding the Voting Right Act, but denies the FFSD's method of elections violates the Voting Rights Act, Section 2. For further answer and as an affirmative defense, Defendant FFSD states the voting process for school board elections are statutory and that it has no authority to change the voting process. See §§162.261, 162.291, 162.341, 162.459, 115.121.3 RSMo. (2004).

20. Defendant FFSD denies the allegations in Paragraph 20. For further answer and as an affirmative defense, Defendant FFSD states the voting process for school board elections are statutory and that it has no authority to change the voting process. See §§162.261, 162.291, 162.341, 162.459, 115.121.3 RSMo. (2004).

21. Paragraph 21 is a statement of law, and as such, Defendant FFSD need not admit or deny same.

22. Defendant FFSD denies the allegations in Paragraph 22.

23. Defendant FFSD denies the allegations in Paragraph 23.

24. Defendant FFSD denies the allegations in Paragraph 24.

25. Defendant FFSD admits a single African-American candidate was elected to one of three available seats in the April 2014 election. Defendant FFSD denies all other allegations in Paragraph 25, and specifically denies the former superintendent was "removed" as superintendent. The former superintendent resigned as superintendent rather than have the reasons for his suspension made public. For further answer and as an affirmative defense, the same FFSD school board also hired the first African-American superintendent.

26. Paragraph 26 is a statement of law, and as such, Defendant FFSD need not admit or deny same.

27. Defendant FFSD denies the allegations in Paragraph 27.

28. Defendant FFSD denies the allegations in Paragraph 28.

29. Defendant FFSD denies the allegations in Paragraph 29.

30. Defendant FFSD denies the allegations in Paragraph 30. For further answer and as an affirmative defense, Defendant FFSD states the voting process for school board elections are statutory and that it has no authority to change the voting process. See §§162.261, 162.291, 162.341, 162.459, 115.121.3 RSMo. (2004).

31. Defendant FFSD denies the allegations in Paragraph 31.

32. Defendant FFSD denies the allegations in Paragraph 32.

33. Defendant FFSD denies the allegations in Paragraph 33.

34. Defendant FFSD denies the allegations in Paragraph 34.

35. Defendant FFSD denies the allegation in Paragraph 35, and specifically denies the former superintendent was "removed" as superintendent. The former superintendent resigned as superintendent rather than have the reasons for his suspension made public. For further answer and as an affirmative defense, the same FFSD school board also hired the first African-American superintendent.

36. The allegations in Paragraph 36 refer to allegations against or actions of the City of Ferguson, who is not a defendant in this matter, and do not refer to the actions of the FFSD; therefore, Defendant FFSD deny the same.

37. Defendant FFSD denies the allegations in Paragraph 37. For further answer and as an affirmative defense, Defendant FFSD states the voting process for school board elections are statutory and that it has no authority to change the voting process. See §§162.261, 162.291, 162.341, 162.459, 115.121.3 RSMo. (2004).

38. Defendant FFSD admits the allegations in Paragraph 38.

39. Defendant FFSD admits the allegations in Paragraph 39.

BY WAY OF FURTHER ANSWER AND FOR ITS AFFIRMATIVE DEFENSES, Defendant FFSD denies Plaintiffs' Demand for Relief in its entirety, denies Plaintiffs are entitled to the relief so requested, and alleges as follows:

    A.    Plaintiffs lack standing to bring a claim under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, and Plaintiffs' claim is otherwise barred because a majority of the voting-age population in the FFSD is African American.

    B.    The relief sought by Plaintiffs constitutes unlawful racial gerrymandering in violation of the Fourteenth Amendment to the United States Constitution.

    C.    The relief sought by Plaintiffs impermissibly departs from the one-person, one-vote principle in violation of the Fourteenth Amendment to the United States Constitution.

    D.    The Complaint is deficient and subject to dismissal due to the failure by the Plaintiffs to name those persons necessary to afford full and proper relief under Federal Rule of Civil Procedure 19.  Specifically, FFSD lacks the legal authority to change the voting process because the voting processes for school board elections are statutory.

    E.    The Complaint is barred by the affirmative defense of illegality.  The Complaint violates Section 2 of the Voting Rights Act's prohibition against voting schemes designed to effect racially proportional representation

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant FFSD prays this Court dismiss this Complaint against Defendant Ferguson-Florissant School District and for any other relief deemed appropriate by this Court.

Respectfully submitted,

CROTZER & ORMSBY, LLC

/s/ *Cindy Reeds Ormsby*
Cindy Reeds Ormsby, #50986MO
Angela Gabel, #58227MO
130 S. Bemiston, Suite 602
Clayton, MO  63105
314-726-3040/314-726-5120 (fax)
cormsby@crotzerormsby.com

Attorneys for Defendant Ferguson-Florissant School District


**CERTIFICATE OF SERVICE**

On June 9, 2015, a copy of the foregoing was electronically filed with the Clerk of the Court using the e-filing system, an electronic copy therefore being served on Anthony E. Rothert, Grant R. Doty, Andrew J. McNulty, Gillian R. Wilcox, Dale E. Ho, Julie A. Ebenstein, and M. Laughlin McDonald, Attorneys for Plaintiffs, and Darold Crotzer, Attorney for Defendant St. Louis County Board of Elections.


/s/ *Cindy Reeds Ormsby*