## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MISSOURI STATE CONFERENCE OF | ) | |
| THE NATIONAL ASSOCIATION FOR THE | ) | |
| ADVANCEMENT OF COLORED PEOPLE, | ) | |
| REDDITT HUDSON, F. WILLIS JOHNSON | ) | |
| and DORIS BAILEY, | ) | |
| | ) | Civ. No. 14-2077 |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| FERGUSON-FLORISSANT SCHOOL | ) | |
| DISTRICT and ST. LOUIS COUNTY BOARD | ) | |
| OF ELECTION COMMISSIONERS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FERGUSON FLORISSANT SCHOOL DISTRICT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS

Defendant Ferguson Florissant School District ("FFSD") respectfully submits this reply memorandum in support of its Motion for Sanctions against Plaintiffs the Missouri State Conference of the NAACP. ("Plaintiffs")

To make the record clear, FFSD offers the following timeline of events that led to the instant motion.

**Monday, August 24, 2015:** Plaintiff filed Rule 26 Amended Initial Disclosures. See, Defendant's Ex. A. See also, Email from Julie Ebenstein that states that Plaintiffs updated the board member list and added four new names as "third parties likely to have discoverable information" See, Defendant's Ex. B.

**Wednesday, August 26, 2015:** Defendant filed Rule 26 Amended Initial Disclosures. See, Defendant's Ex. C. See also, Email from Cindy Ormsby that states that Defendant added two additional names and board members from the past and present. Defendant's Ex. D.

**Friday, August 28, 2015:** County NAACP Official scheduled and confirmed for Sept. 2, 2015 deposition. See, Defendant's Ex. E confirming that Defendant contacted the official and the official is available that day.

**Saturday, August 29, 2015:** County NAACP Official received telephone call from Rev. Gill Ford of National NAACP. See, Declaration of Cindy Ormsby attached to Defendant's Motion for Sanctions.

**Monday, August 31, 2015:** Email from Cindy Ormsby to Plaintiffs' counsel Julie Ebenstein, Anthony Rothert, Dale Ho, Laughlin McDonald and Sophia Lakin informing them that the County Official had been told not to testify. See, Defendant's Exhibit F. Three of Plaintiffs' Counsel received and opened the above email that day. See, Defendant's Ex. G read receipts.

See also, Respondent's Second Amended Rule 26a Disclosures indicating NAACP official's name was removed under protest. See, Defendant's Ex. H.

In response to the above-cited events, FFSD filed the instant Motion for Sanctions on Friday, Sept. 4, 2015. The Motion includes the facts that FFSD knows to date. The Motion does not include any speculation about how or why these events occurred.

The facts are clear: 1) the NAACP official was willing to testify on Friday, Aug. 28; 2) the County official was contacted by an officer of the National NAACP and persuaded not to testify on Saturday, Aug. 29; and 3) On Monday, Aug. 31, the County official called counsel for FFSD to relate the conversation with the National NAACP officer and to relate that she was no longer willing to testify. That same day, FFSD counsel notified Plaintiffs about the inappropriate contact. FFSD waited four days for a reply from Plaintiffs, to which none came. FFSD filed the instant motion on Friday, September 4, 2015.

## Argument

Plaintiffs argue that the motion for sanctions is a discovery motion thereby triggering the Local Rule 3.04(A) requirement that the parties confer in person or by telephone to resolve their dispute. See, Plaintiffs' Memo. P. 5. Plaintiffs are mistaken.

The instant motion is not a discovery motion. It is a motion for sanctions for bad-faith conduct. FFSD cited numerous cases in which the Court imposed sanctions in this type of situation. The sanctions motions were not deemed discovery motions in those cases. They were motions for bad faith conduct and ethical misconduct. See, *Chambers v. Nasco*, 111 S.Ct. 2123 (1991) and *Harlan v. Lewis*, 982 F.3d 1255, 1259 (8th Cir. 1993) cited in FFSD's Motion for Sanctions p. 4. That is precisely the claim here.

In response, Plaintiffs cited to numerous cases that involve motions for sanctions when the party failed to comply with motions to compel. For example, Plaintiffs cite *Myles v. Dierberg's Mkts., Inc.*, No. 4:09-CV-573 CAS, 2009 WL 4042120. The *Myles* case involved sanctions from a motion to compel for a discovery dispute. See also, *Clemons v. Lombardi*, WL 409107 where party failed to respond to three motions to compel; and *Hawkeye-Sec. Ins. Co. v. Bunch,* 2009 WL 4430860 that involved a discovery dispute over documents. Plaintiffs have not provided the Court with any case law that is on point. Instead, Plaintiffs mislead the Court by citing to cases that involve sanction motions for discovery violations and would have the court infer that the instant motion is similar.

The instant motion is not a discovery motion. However, if the Court does deem this motion a discovery motion, FFSD submits that it complied. FFSD put the Plaintiffs on notice of the situation on Monday, Aug. 31 and filed the motion Friday, Sept. 3. Given the extremely tight deadlines established in the Case Management Order; FFSD could not afford to wait any longer.

FFSD waited until the end of the week. It received no response whatsoever from Plaintiffs' counsel and filed this motion. Although Local Rule 3.04(A) requires the parties to meet and confer in person or by telephone, FFSD submits that it complied with the spirit of the rule to no avail.

Plaintiffs' second argument is that "neither Plaintiffs nor their counsel directed, requested, or encouraged anyone to communicate with the NAACP officer, discourage her from testifying *absent a subpoena*, or engage in any improper behavior." See, Plaintiffs' Memo p. 7, emphasis added. The phrase "absent a subpoena" is telling. FFSD argues that the official was willing to freely testify until she was inappropriately contacted. Plaintiffs' caveat that neither Plaintiffs nor their counsel told her not to testify *absent a subpoena* is dispositive. The issue is what did Plaintiffs tell the official? Implicit in the caveat not to testify without a subpoena is the statement not to testify freely, as she had previously agreed to do. That is the misconduct that led FFSD to bring this situation to the Court's attention. It is that communication that amounts to "an intentional effort to obstruct the proper flow of relevant information in the discovery process." See, *Harlan v. Lewis*, 982 F.2d 1255, 1260 (1993). Telling the official not to testify is sanctionable.

Plaintiffs never explain how the information provided in the Rule 26(A) Amended Disclosures made its way from the National Office to Rev. Ford. Plaintiffs also fail to deny that Rev. Ford contacted the official. Inherent in the failure to explain Rev. Ford's conversation is the failure to fully deny the substance of the conversation. Plaintiffs' counsel can only deny that they themselves failed to pressure the official. They cannot make this denial for their client. Plaintiffs attached the local news article whereby the official admits she was contacted by Rev. Ford. See, Plaintiffs' Exhibit 1. Plaintiffs fail to address this contact. Instead, Plaintiffs

emphasize procedural distractions to keep the court from focusing on their actual ethical misconduct.

Finally, Plaintiffs assert that sanctions are inappropriate because FFSD has not been prejudiced. See, Plaintiffs' Memo. P. 12. Plaintiffs assert that the official can testify with a subpoena. That assertion is a red herring. The power to force her testimony is not at issue. The issue is that Plaintiffs inappropriately and in bad faith contacted the official and persuaded her not to freely testify.

A similar example occurred in *Harlan v. Lewis*, 982 F.2d 1255 (1993). In *Harlan*, the court sanctioned attorney Hall for the improper and unethical conduct of contacting two treating physicians of a litigant and persuading them not to testify. *Id*. The district court found that, "Though Hall quibbles about the subjective understanding of Drs. McAdams and Golleher, he does not deny the conversations occurred. The district court found that during each conversation Hall attempted to dissuade the doctor from giving testimony or otherwise cooperating with the Harlans." *Id*. at 1259. Thus, "The district court proceeded, under its inherent power, to sanction Hall for both violations…" *Id*.

The difference in *Harlan* and the case at bar is that the unethical conduct may not have arisen with Plaintiffs' counsel. Instead, it most likely occurred by the party. However, the distinction is one without merit. The effect of the misconduct is the same. The *Harlan* court concluded, "(I)t is evident that the district judge saw in Hall's conduct an intentional effort to obstruct the proper flow of relevant information in the discovery process. Although the district judge did not use the words "oppressive, vexatious, or bad faith" to describe Hall's action…the specific findings of impermissible and unethical conduct are sufficient to supply these meaning." *Id*. at 1260.

FFSD cannot gain the testimony of a witness due to the Plaintiffs' unethical tampering. Plaintiffs' assertion that FFSD has not been prejudiced is incredible and speculative. Surely the Court cannot excuse such conduct based on the speculation that her testimony is unimportant or redundant. See, Plaintiffs' Memo in Opposition pp. 12-15.

"(I)t is firmly established that the power to punish for contempt is inherent in all courts." *Chambers*, 501 U.S. at 44. "The Court's prior cases have indicated that the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Id*. at 49. "There is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct." *Id*. at 2135.

For the reasons above, FFSD respectfully requests that this Court GRANT FFSD's Motion for Sanctions against Plaintiffs including, but not limited to, monetary penalties and attorney fees incurred in preparing this motion and memorandum, as well as prohibiting Plaintiffs from litigating the motivations of the former superintendent's suspension and the supposed justifications for single-member district systems for school boards.

Respectfully submitted,

Respectfully submitted,

CROTZER & ORMSBY, LLC

*/s/ Angela Bullock Gabel*
Angela Bullock Gabel, 58227MO
130 S. Bemiston Ave., Suite 602
Clayton, MO 63105
314.726.3040 / 314.726.5120 (fax)
agabel@crotzerormsby.com

*Attorney for Defendant Ferguson-Florissant School District*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that she is a person of such age and discretion as to be competent to serve papers. It is further certified that on September 14, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Anthony E. Rothert
Andrew J. McNulty
Jessie M. Steffan
ACLU of Missouri Foundation
454 Whittier Street
St. Louis, Mo 63108
*Counsel for Plaintiffs*

Dale Hoe
Julie A. Ebenstein
Sophia Lin Lakin
ACLU Voting Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
*Counsel for Plaintiffs*

M. Laughlin McDonald
ACLU Voting Rights Project
2700 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303
*Counsel for Plaintiffs*

Gillian R. Wilcox
ACLU of Missouri
3601 Main Street
Kansas City, MO 64111
*Counsel for Plaintiffs*

*/s/ Angela Bullock Gabel*