# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MISSOURI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, REDDITT HUDSON, F. WILLIS JOHNSON and DORIS BAILEY,<br><br>   Plaintiffs,<br>v.<br><br>FERGUSON-FLORISSANT SCHOOL DISTRICT and ST. LOUIS COUNTY BOARD OF ELECTION COMMISSIONERS,<br><br>   Defendants. | Civ. No. 14-2077 |

## DEFENDANT FERGUSON FLORISSANT SCHOOL DISTRICT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS

Defendant Ferguson Florissant School District ("FFSD") respectfully submits this supplemental memorandum and evidence as requested by the Court on Tuesday, September 15, 2015 in support of its Motion for Sanctions against Plaintiffs the Missouri State Conference of the NAACP. ("Plaintiffs") This supplemental memorandum incorporates FFSD's previous sanctions motions and memoranda.

The Court requested additional evidence and law on whether the St. Louis County NAACP and/or the local official is an agent of the Missouri State Conference of the NAACP and/or the national NAACP.[1] The following evidence establishes that neither the local official nor the St. Louis County branch, is an agent.

The following evidence is attached:

---

[1] As stated in the original Motion for Sanctions, the St. Louis County NAACP is not a party to this case. To protect the official's identity, her name is not used in this motion. She is hereinafter referred to as the "official" or "local official."

1

1) Declaration from Darold E. Crotzer, Jr. This declaration was not included in the Motion for Sanctions due to Mr. Crotzer's being out of town at the time. See, Defendant's Exhibit 1.

2) Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction filed June 30, 2015 by the national NAACP against the Cincinnati branch of the NAACP for "pretending to act" on behalf of the national in case number 1:15-cv-00433. See, Defendant's Ex. 2.

3) Order GRANTING Temporary Restraining Order. See, Defendant's Ex. 3.

4) Correspondence with the local official requesting her to respond. Counsel attempted to contact her on Wednesday, Sept. 16 and Thursday, Sept. 17. Darold Crotzer also attempted to contact her. See, Defendant's Ex. 4 and 5. The local official has not responded.

5) Counsel has attached evidence of the separate corporate identities of the NAACP St. Louis County Branch and the NAACP St. Louis City Branch. See, Defendant's Ex. 6, 7, 8.

6) Counsel alerts the Court to the Missouri State Conference of the NAACP Disclosure of Organizational Interests in this case.

The sum of this evidence is that neither the local official nor the St. Louis County NAACP is an agent of the Missouri State Conference or the national NAACP. As such, the Rev. Gill Ford's communication with the local official instructing her to stay out of this litigation was inappropriate and subject to sanctions.

If Plaintiffs' counsel provides evidence that the Rev. Ford denies calling the local official, FFSD proposes a compromise.[2] FFSD will subpoena the local official's phone records as definitive proof that she was inappropriately contacted by the national NAACP at the time in

---

[2] Plaintiffs' counsel Tony Rothert represented to the Court that he had spoken to Rev. Ford on Tuesday, Sept. 15. He stated that Rev. Ford denied contacting the local official. To date, that denial has not been verified and placed into evidence.

question.  In so doing, the local official will not suffer further for being placed in this situation and the evidence will speak for itself.  In the event this compromise is amenable, FFSD would request the Court reserve its ruling until the phone records can be obtained.

**Argument**

The standard for creating an actual agency relationship under federal common law is: "(1) the agent holds the power to alter legal relations between the principal and third parties; (2) the agent is a fiduciary with respect to matters within the scope of agency; and (3) the principal has the right to control the conduct of the agent with respect to matters entrusted to the agent." *McKeage v. Bass Pro Outdoor World*, L.L.C. 2015 WL 2093126.  "(T)he absence of any one of (the) three (elements) defeats purported agency relationship. *Id*. at 7.

Plaintiffs' may also attempt to establish apparent agency.  To do so, Plaintiffs must show: "the principal manifested consent to the exercise of authority; the person relying on this exercise of authority knew of the facts and, acting in good faith, had reason to believe, the agent possessed such authority; and the person relying on the appearance of authority changed his position and will be injured or suffer loss if the transaction executed by the agent does not bind the principal." *Id*. at 7.

At this point, there are no facts to show actual or apparent agency.  To show actual agency, Plaintiffs would have to show that the local official 1) has the power to alter legal relations between the national NAACP and/or Missouri Conference of the NAACP and third parties; 2) that the local official is a fiduciary; and 3) that the national NAACP and/or Missouri NAACP has the right to control the conduct of the local official with matters entrusted to her.  While Plaintiffs may be able to establish one of these elements, they cannot meet all three.

3

In addition, the new facts attached to this supplement demonstrate the local official affirmatively denies apparent authority. The local official stated that the local branch has nothing to do with the lawsuit. The local official also stated that she was unaware of the lawsuit. See, Defendant Ex. 1. The local official never gave third parties any reason to believe she had authority. Instead, she did the opposite. Thus, apparent authority cannot be established.

The most compelling evidence that the St. Louis County NAACP is not an agent comes from the national organization itself. On June 30, 2015, the national NAACP filed suit against the Cincinnati Branch of the NAACP for "holding themselves out as part of the NAACP." See, Motion for Temporary Restraining Order p. 1, Defendant's Ex. 2. The Order granting the TRO establishes that the NAACP affirmatively disavows the authority of any local unit that has incorporated.

In the lawsuit, the national NAACP won a TRO and a Preliminary Injunction against "the entity referring to itself as NAACP, Cincinnati Branch" for "holding themselves out as members and/or an authorized entity of the NAACP. See, Defendant's 2 and 3. The lawsuit alleges "Defendants are engaged in a scheme to deceive the public by pretending to be acting on behalf of Plaintiff." See, Def. Ex. 2. The national NAACP states "Defendants persisted in their misconduct even after the…..National Director of Unit Administration asked them to stop." See, Defendant's Ex. 2, p. 2. The National Director of Unit Administration is the same Rev. Gill Ford that interfered with the local official in the case at bar.

The main reason the national filed suit is that, "Defendants snuck and incorporated an entity using the NAACP Mark without authorization." See, Defendant's Ex. 2, p. 5. The Rev. Gill Ford attached a Declaration to the TRO substantiating that claim. See, Defendant's Ex. 9. The thrust of the Cincinnati lawsuit is that any local or state NAACP unit that incorporated

without the express permission of the national NAACP is acting without their authorization and is not an agent. See generally, Defendants Ex. 2 and 3.

The Court's Order granting the TRO states that the NAACP Board of Directors at its February 21, 2015 Board of Directors Meeting passed a Motion to 'send a notice from the National Office to all units restating NAACP policy…that no unit has the authority to incorporate and/or use the name of the NAACP as a business entity…that any unit having such entity shall immediately file appropriate documents with their Secretary of State Office dissolving any such incorporation within 14 business days." See, Defendant's Ex. 3 p. 4. The conclusion from this directive is that an incorporated entity or 'unit' of the NAACP is not an agent.[3]

FFSD has attached evidence that both the St. Louis City NAACP and the St. Louis County NAACP are incorporated. See, Defendant's Ex. 6 and 7. Under Rev. Ford's reasoning, neither of those entities is an authorized entity unless they received specific permission. To date, no such evidence has been submitted. Interestingly, the President of the St. Louis City NAACP, a Missouri corporation, is Adolphus Pruitt. See, Defendant's Ex. 10. Mr. Pruitt is also the president of the Missouri State Conference of the NAACP, an unincorporated unit of the national NAACP, and a plaintiff in the case at bar.

The facts overwhelmingly indicate that the local NAACP is not an agent of the national or Missouri Conference for the NAACP because they are both incorporated. The TRO Motion and Order granting it in the *National Association for the Advancement of Colored People, National Office v. NAACP Cincinnati Branch,* case number 1:15-cv-00433, demonstrate that the national affirmatively disavows any local unit that has incorporated and has recently reiterated

---

[3] The Cincinnati Court notes that the NAACP brought another action in *The National Association for the Advancement of Colored People v. NAACP South Side Branch and Mark Loveless*, No. 1:13cv01589 (N.D. Illinois September 19, 2013) against an entity that incorporated with the Illinois Secretary of State.

5

that decision in February 2015. See, Defendant's Ex. 3. Plaintiff Missouri State Conference of the NAACP Disclosure of Organization Interests supports that conclusion.[4] Counsel for Plaintiffs, Tony Rothert, admitted as much in open Court when he stated that the County NAACP is probably not an agent of the national.

For the reasons above, FFSD respectfully requests that this Court GRANT FFSD's Motion for Sanctions against Plaintiffs including, but not limited to, monetary penalties and attorney fees incurred in preparing this motion and memorandum, as well as prohibiting Plaintiffs from litigating the motivations of the former superintendent's suspension and the supposed justifications for single-member district systems for school boards.

In the event that a factual dispute arises, FFSD respectfully requests the Court allow it to subpoena the local official's phone records for the relevant time period. In so doing, FFSD requests the Court reserve its judgment on this Motion until such time as those records may be obtained.

Respectfully submitted,

CROTZER & ORMSBY, LLC

*/s/ Angela Bullock Gabel*
Angela Bullock Gabel, 58227MO
130 S. Bemiston Ave., Suite 602
Clayton, MO 63105
314.726.3040 / 314.726.5120 (fax)
agabel@crotzerormsby.com

*Attorney for Defendant Ferguson-Florissant School District*

---

[4] See, Missouri State Conference of the NAACP Disclosure of Organizational Interests filed with this Court. The Disclosure states that the Missouri NAACP does not have subsidiaries not wholly owned by the subject corporation. While that fact is not in itself dispositive, it is another relevant factor in this analysis

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is a person of such age and discretion as to be competent to serve papers. It is further certified that on September 18, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Anthony E. Rothert
Andrew J. McNulty
Jessie M. Steffan
ACLU of Missouri Foundation
454 Whittier Street
St. Louis, Mo 63108
*Counsel for Plaintiffs*

Dale Ho
Julie A. Ebenstein
Sophia Lin Lakin
ACLU Voting Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
*Counsel for Plaintiffs*

M. Laughlin McDonald
ACLU Voting Rights Project
2700 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303
*Counsel for Plaintiffs*

Gillian R. Wilcox
ACLU of Missouri
3601 Main Street
Kansas City, MO 64111
*Counsel for Plaintiffs*

                                        */s/ Angela Bullock Gabel*