IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, NATIONAL OFFICE | ) ) ) ) ) | Case Number: |
| | ) | Judge: |
| Plaintiff, | ) ) | Magistrate Judge: |
| v. | ) ) | |
| The entity referring to itself as NAACP, CINCINNATI BRANCH, et al. | ) ) ) ) | |

## DECLARATION OF REV. GILL L. FORD

I, Reverend Gill L. Ford, hereby affirm that the following testimony is true and correct. If called to testify to the matters stated herein, I could and would testify truthfully to these matters.

1. I am over eighteen (18) years of age.

2. I am currently employed as the National Director of Unit Administration for The NAACP and have served in this capacity prior to the initiation of the underlying lawsuit.

3. I have personal knowledge of the facts herein.

4. Plaintiff NAACP is a non-profit corporation incorporated under the laws of the State of New York with its headquarters in Baltimore, Maryland. The NAACP's local, unincorporated "Units" include State Conferences and Local Branches. In the state of Ohio, NAACP's Units include the Ohio State Conference and the NAACP Cincinnati Unincorporated.



DEFENDANT'S EXHIBIT 9    Attachment 1

5. Plaintiff NAACP, formed in 1909, is the oldest, largest and one of the most famous and highly-respected civil rights organizations in the United States. Its mission is to ensure the political, educational, social, and economic equality of rights of all persons and to eliminate racial hatred and racial discrimination.

6. NAACP owns the registered trademark for the acronym "NAACP" at the U.S. Patent and Trademark Office, Registration No. 1,188,182 for: Association Services – Namely, Providing Legal Assistance and Other Resources to Achieve Civil Rights in Education, Voting, Housing, and Employment and Economic Opportunity." Attached hereto as Exhibit 1 is a true and accurate copy of evidence of NAACP's registration of its trademark.

7. The NAACP also owns rights in the Mark "NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE."

8. Plaintiff NAACP'S Mark is famous and very strong and has been in use for many decades. Individuals associate this famous mark with the NAACP.

9. Over the years, Plaintiff has invested substantial sums of money promoting its services under the Mark.

10. Over the years, Plaintiff has achieved substantial, unsolicited media coverage in national and international publications, television coverage and Internet coverage.

11. Plaintiff's employees and volunteers frequently appear on national television programs and in publications throughout the nation on issues concerning civil rights and social justice.

12. Plaintiff's Mark is an asset of substantial value as a symbol of Plaintiff, its

Attachment 1

services to communities throughout the nation and its goodwill. Individuals recognize Plaintiff's Mark as identifying the services Plaintiff offers.

13. NAACP'S Bylaws provide that each State Conference and local Branch is "subject to the general authority and jurisdiction of the [National] Board of Directors." (Bylaws, Article I, Section 2(a)). In addition, all NAACP Units located within the boundaries of a State Conference are "member[s] of the State/State-Area Conference and are subject to the State/State-Area's efforts to coordinate NAACP activities and policies within its jurisdiction." (Bylaws, Article I, Section 2(d)). Thus, the NAACP Cincinnati Unincorporated is subject to the authority of both the Ohio State Conference and the National Office of the NAACP. Attached hereto as Exhibit 2 is a true and accurate copy of The NAACP's Bylaws.

14. Unbeknownst to Plaintiff NAACP, on or about October 20, 2014, the Office of the Ohio Secretary of State issued Articles of Incorporation for Defendant, the entity referring to itself as "NAACP, CINCINNATI BRANCH" (hereinafter "Cincinnati Incorporated"). The incorporators of Cincinnati Incorporated are identified in the Articles as Ishton Morton, Beverly Morton, and Lettie Reid. Ishton Morton was identified in the Articles as NAACP Cincinnati Incorporated Registered Agent. Attached hereto as Exhibit 3 is a true and accurate copy of Defendants' incorporation documents using the NAACP Mark.

15. Plaintiff NAACP never approved the formation and incorporation of and/or authorized the use of its Mark by Cincinnati Incorporated.

16. The NAACP Bylaws Article II, Section 2(b) provide that "No Unit of the Association shall have authority to initiate, endorse or participate in legal action, including,

Attachment 1

but not limited to, pre-suit discussion, negotiations, court litigation, or post-suit matters on behalf of or in the name of the Association, or any Unit of the Association, without the express written authorization of the President and CEO and General Counsel."[1]

17. The Interim General Counsel never approved or authorized the use of the NAACP's Mark by Cincinnati Incorporated or the NAACP Cincinnati Unincorporated Branch for litigation. An affidavit of Marshall Taylor, the Interim General Counsel as of December 16, 2014 is attached hereto as Exhibit 4.

18. On December 11, 2014, Cincinnati Incorporated, without authorization to do so, used the NAACP's trademark, filed a lawsuit against myself, Gill L. Ford, as an employee of the NAACP and members of the NAACP Cincinnati Unincorporated Branch. On January 12, 2015, Cincinnati Incorporated filed an Amended Complaint adding the NAACP as a Defendant, still using the NAACP's trademark without authorization. Attached hereto as Exhibit 5 is a true and accurate copy of the Cincinnati Incorporated's Amended Complaint.

19. Plaintiff only learned of Cincinnati Incorporated's unauthorized use of its Mark as a result of the litigation Defendants filed.

20. Plaintiff requested of Defendants' counsel that Defendants dissolve Cincinnati as it was formed without the authorization of the NAACP. Defendants refuse to dissolve Cincinnati Incorporated.

21. As a result of various violations of the NAACP Bylaws, Ishton Morton's membership was suspended on December 12, 2014 and an amended letter of suspension was issued January 27, 2015. Ishton Morton is not a member of the NAACP and was

---

[1] See Exhibit 2.

directed to cease and desist from acting or holding himself out as a member of the NAACP. Attached hereto as Exhibit 6 is a true and accurate copy of Ishton Morton's letters of suspension.

22. As a result of various violations of the NAACP Bylaws, Lettie Reid's membership was suspended on December 19, 2014 and an amended letter of suspension was issued January 27, 2015. Lettie Reid is not a member of the NAACP and was directed to cease and desist from acting or holding herself out as a member of the NAACP. Attached hereto as Exhibit 7 is a true and accurate copy of Lettie Reid's letters of suspension.

23. As a result of various violations of the NAACP Bylaws, Beverly Morton's membership was suspended on January 27, 2015. Beverly Morton is not a member of the NAACP and was directed to cease and desist from acting or holding herself out as a member of the NAACP. Attached hereto as Exhibit 8 is a true and accurate copy of Beverly Morton's letter of suspension.

24. Plaintiff NAACP discovered that Cincinnati Incorporated had used its Mark to incorporate in the State of Ohio after the December suspensions of Ishton Morton and Lettie Reid. Ishton Morton and Lettie Reid's Amended letters of suspension and the original letter of suspension of Beverly Morton included a demand to dissolve Cincinnati Incorporated and provide proof of dissolution to the Interim General Counsel and National Director of Unit Administration unless the NAACP would pursue all available relief against it in Federal Court for Trademark violation.[2]

25. To date, each of the incorporators, Ishton Morton, Beverly Morton, and Lettie Reid have not dissolved Cincinnati Incorporated.

---

[2] See Exhibits 6, 7, and 8.

Attachment 1

26. On December 19, 2014, Marshall W. Taylor, Esq., then Interim General Counsel for the NAACP, issued a letter to the NAACP Cincinnati Unincorporated Executive Committee directing the Executive Committee that as the NAACP Cincinnati Unincorporated had no President, Vice President or Treasurer as required by the Bylaws, the remaining Executive Committee members lacked the authority to conduct any further business on behalf of the NAACP and/or NAACP Cincinnati Unincorporated. Attached hereto as Exhibit 9 is a true and accurate copy of the letter sent by Marshall W. Taylor, Esq., then Interim General Counsel for the NAACP.

27. In this same letter of December 19, 2014, Counsel Taylor, demanded that all keys, NAACP documents, membership records, financial records, bank records, and all property and other items belonging to the NAACP be returned to the office of the NAACP Cincinnati Unincorporated. Counsel Taylor gave further instructions that arrangements were to be made to transfer the property once returned to the NAACP Cincinnati Unincorporated Office to the NAACP National Office.[3]

28. In this same letter of December 19, 2014, Counsel Taylor advised the Executive Committee that "absolutely no funds belong to the branch may be spent and no commitments to spend any funds belonging to the branch may be made without the express written approval of Rev. Gill Ford."[4]

29. Beverly Morton, a non-member of the NAACP, has refused to turn over the financial records, bank records, and bank account documents (checks, etc.) in her possession belonging to the NAACP Cincinnati Unincorporated Branch. Beverly Morton still remains on the bank accounts of the NAACP Cincinnati Unincorporated Branch, and

---

[3] Id.
[4] Id.

has access to over $20,000 in assets belonging to the NAACP Cincinnati Unincorporated Branch. A copy of a letter from Fifth Third Bank verifying the NAACP Cincinnati Unincorporated Branch's banking records involving Beverly Morton is attached hereto as Exhibit 10.

30. Ishton Morton, although suspended as a member of the NAACP as of December 12, 2014, and without authorization to do so, added his name on January 11, 2015 to at least four of the NAACP Cincinnati Unincorporated Branch's bank accounts. A copy of a letter from U.S. Bank verifying Ishton Morton's activity related to the NAACP Cincinnati Unincorporated Branch's U.S. Bank accounts is attached hereto as Exhibit 11.

31. Lettie Reid, although suspended as a member of the NAACP as of December 19, 2014, added her name on January 9, 2015 to at least four of the NAACP Cincinnati Unincorporated Branch's bank accounts.[5]

32. Since their respective suspensions, Lettie Reid, Ishton Morton and Beverly Morton have spent over $30,000 in assets belonging to the NAACP Cincinnati Unincorporated Branch. Attached hereto as Exhibit 12 are bank statements reflecting the activity of the Defendants related to the NAACP Cincinnati Unincorporated Branch's U.S. Bank accounts.

33. Lettie Reid, although not a member of the NAACP and having been given a directive by the NAACP to cease and desist holding herself out as a member of the NAACP, held and presided over a meeting with an agenda titled Cincinnati Branch NAACP General Membership Meeting on April 23, 2015. Attached hereto as Exhibit 13 is an Affidavit and copy of the Agenda relating to the April 23, 2015 unauthorized meeting.

---

[5] Id.

34. Ishton Morton, although not a member of the NAACP, without authorization to do so, and a directive by the NAACP to cease and desist holding himself out as a member of the NAACP, sent himself or caused to be sent letters to various individuals and businesses soliciting donations for a Freedom Fund Dinner to be held on October 24, 2015. Attached hereto as Exhibit 14 is a copy of a solicitation letter sent out by Ishton Morton.

35. Cincinnati Incorporated and one or all of its incorporators have entered into a contract with the Horeshoe Casino using the NAACP's Mark, name, and assets without authorization to do so.

36. None of the Defendants have authorization to host a NAACP Freedom Fund Dinner in the name of the NAACP or any of its units.

37. I received notice on June 29, 2015 that Ishton Morton plans to hold an unauthorized press conference at the office of the NAACP Cincinnati Unincorporated Branch on June 30, 2015. Attached hereto as Exhibit 15 is a copy of the notice of the press conference sent out to members of the NAACP Cincinnati Unincorporated Branch.

38. The NAACP has selected and is hosting its National Convention in Cincinnati, Ohio in 2016. The actions of Cincinnati Incorporated, Ishton Morton, Lettie Reid, and Beverly Morton are in direct conflict with the fundraising efforts of the NAACP and are deliberate attempts to damage the goodwill the NAACP has built with the Cincinnati community.

39. All extrajudicial efforts by the NAACP to resolve these matters with Cincinnati Incorporated, Ishton Morton, Lettie Reid, and Beverly Morton have been ignored. If Defendants are not ordered to cease and desist their unauthorized use of the

NAACP name and to cease and desist from holding themselves out as members of the NAACP, it is foreseeable that the NAACP will suffer irreparable harm to its effort to bring its National Convention to Cincinnati, Ohio in 2016.

This 30th day of June, 2015.

_____
Gill Ford

Sworn to and subscribed this 30th day of June, 2015.

_____
Notary Public

JUDITH ANN PAPPERT
Notary Public - Notary Seal
State of Missouri, St Louis County
Commission # 14430070
My Commission Expires Jul 29, 2018

Attachment 1