UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MISSOURI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, REDDITT HUDSON, F. WILLIS JOHNSON and DORIS BAILEY, <br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>FERGUSON-FLORISSANT SCHOOL DISTRICT and ST. LOUIS COUNTY BOARD OF ELECTIONS COMMISSIONERS,<br>　　　　　　　Defendants. | Civ. No. 4:14-cv-02077-RWS |

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

Plaintiffs the Missouri State Conference of the NAACP (the "Missouri NAACP"), Redditt Hudson, F. Willis Johnson, and Doris Bailey (collectively, "Plaintiffs") respectfully submit this supplemental memorandum in opposition to the motion for sanctions filed by Defendant Ferguson-Florissant School District ("Defendant"), in order to address two questions posed by the Court at a hearing on September 15, 2015:

(1) What is the legal relationship between the various NAACP entities (county, state, and national)?

(2) What, if anything, was communicated by the National NAACP office to the officer of the St. Louis County NAACP whose status as a potential witness is at the center of this dispute?

With respect to the first question, while the county, state, and national NAACP organizations are closely related, they are each independent entities and are not agents of one another. *See* NAACP Bylaws, Art. I, § 2, *available at* http://tinyurl.com/q47hjv9. As noted in Plaintiffs' previous submission, under the NAACP Bylaws, state and county NAACP

organizations are each "subject to the general authority and jurisdiction" of the National NAACP Board, but they are independent entities and are not agents of the National NAACP; nor is the National NAACP an agent of either of them.  *Id*.  Similarly, under the NAACP's Bylaws, the St. Louis County NAACP is "subject" to the Missouri NAACP's "efforts to coordinate NAACP activities and policies within its jurisdiction," but is an independent entity, and is not an agent of the Missouri NAACP.  *Id*.

Given that the various NAACP organizations are independent entities and not agents of one another, it is clear that Plaintiffs have not engaged in any sanctionable conduct.  That is, even if there is some sort of factual dispute between the parties about whether the National NAACP contacted a St. Louis County NAACP officer, or a legal dispute about whether such contact amounts to improper conduct, those disputes are irrelevant because: neither Plaintiffs nor their counsel contacted the St. Louis NAACP officer or directed anyone else to do so.  There is no evidence to the contrary.  That ends the inquiry.  Whatever may or may not have happened between the National NAACP office and a St. Louis County NAACP officer—and, as explained below, it appears that nothing did—such contact cannot be attributed to the *Plaintiff Missouri NAACP*.  Sanctions against the Plaintiffs are therefore inappropriate.

With respect to the second question, it appears from Plaintiffs' investigation that no communications actually took place between the National NAACP and the St. Louis NAACP officer in question. Reverend Gill Ford, who is identified in Defendant's brief (but not in any declarations or other admissible evidence) as the person who purportedly discouraged a St. Louis NAACP officer from testifying, has now submitted a declaration indicating that he has had no communications with her about this case.  *See* Ex. 9 (attached hereto), Ford Decl. ¶ 3.  All of this confirms the St. Louis County NAACP officer's own public statements that there "wasn't

2

pressure" about testifying.  *See* Ex. 1, Robert Patrick, "Lawyers allege NAACP witness tampering in Ferguson-Florissant school board election suit," *St. Louis Post-Dispatch*, Sept. 8, 2015, ECF No. 64-1.

For these reasons, as well as others explained below and stated in Plaintiffs' previous submission, *see* ECF No. 64, Defendant's motion should be denied.

## ARGUMENT

### I. PLAINTIFFS DID NOT DISCOURAGE THE ST. LOUIS NAACP OFFICER FROM TESTIFYING.

As Defendants have framed their motion, the dispositive "issue is what did Plaintiffs tell the [St. Louis NAACP] official?"  Def.'s Reply in Supp. of Mot. for Sanctions, ECF No. 66 ("Def.'s Reply"), at 4.  The answer is: absolutely nothing.  The relevant undisputed facts are as follows:

- On August 26, 2015, Defendant disclosed a St. Louis County NAACP official as a person with discoverable information, *see* Def.'s Ex. C, Am. Initial Disclosures, ECF No. 66-3;

- On August 28, Plaintiffs arranged to depose her and scheduled her deposition for September 2, *see* Ormsby Decl. Ex. B, Email exchange between Ormsby and Ebenstein, ECF No. 58-2, at 2-4;

- Plaintiffs did not contact the disclosed St. Louis County NAACP officer about this case, *see* Ex. 2, Pruitt Decl., ECF No. 64-2, ¶ 11;

- Plaintiffs did not request that anyone else contact the disclosed St. Louis NAACP officer about this case, *see id.* ¶ 10; Ex. 4, Rothert Decl., ECF No. 64-4, ¶¶ 7, 11; Ex. 5, Ho Decl., ECF No. 64-5, ¶¶ 9, 12;

- On August 31, two days before the deposition, Defendant amending its disclosing and indicated that it would not use the previously disclosed St. Louis County NAACP officer as a witness, *see* Ormsby Decl. Ex. B, Email exchange between Ormsby and Ebenstein, ECF No. 58-2;

- The St. Louis County NAACP officer has been quoted in the media as stating that she "wasn't pressure[d]" against testifying, *see* Ex. 1, *St. Louis Post-Dispatch*, Sept. 8, 2015, ECF No. 64-1;

3

- The St. Louis County NAACP officer herself has not submitted a statement— sworn or otherwise— indicating that she was pressured against testifying in any way; and

- A representative of the National NAACP has now submitted a declaration indicating that he did not contact the St. Louis County NAACP officer about this case, and is unaware of anyone else from his office doing so. *See* Ex. 9, Ford Decl. ¶¶ 3-4.

As these facts demonstrate, Plaintiffs did not engage in any sanctionable conduct. To be clear, although the various local, state, and national NAACP entities are closely related, they are independent entities and are not agents of one another. *See* NAACP Bylaws, Art. I, § 2. The question on this motion, then, is not what the National NAACP did, but whether the *Plaintiff Missouri NAACP* engaged in any improper conduct. And it clearly did not. The Missouri NAACP did not contact the St. Louis County NAACP officer about this case. *See* Ex. 3, Pruitt Decl., ECF No. 64-3, ¶ 11. And neither the Plaintiffs themselves nor their counsel directed or requested that the National NAACP or anyone else contact her about this case. *See id.* ¶ 10; Ex. 4, Rothert Decl., ECF No. 64-4, ¶¶ 7, 11; Ex. 5, Ho Decl., ECF No 64-5, ¶¶ 9, 12. Those facts should end this inquiry. Whatever the National NAACP may or may not have done cannot be charged to the Plaintiff Missouri NAACP. The Missouri NAACP's complete inaction with respect to the St. Louis County NAACP officer is dispositive.

Tellingly, Defendant offers no evidence to the contrary. The only evidence submitted by Defendant is a declaration from Defense counsel, which does not even *mention* the Plaintiff Missouri NAACP specifically, let alone suggest that it or its counsel engaged in improper conduct. *See* Ormsby Decl., ECF No. 58. Sanctions against Plaintiffs are therefore inappropriate. *Cf. Ladd v. City of St. Louis*, No. 4:10-CV-2219 AGF, 2012 WL 1110110, at *3 n.2 (E.D. Mo. Mar. 31, 2012) (noting denial of sanctions where there was "no evidence" of misconduct other than the movant's "speculation"); *Gray v. City of Valley Park*, No. 4:07-CV-

4

881 ERW, 2008 WL 294294, at *3 (E.D. Mo. Jan. 31, 2008) ("The Court is unwilling to impose sanctions upon the Defendant on the basis of an assumption."), *aff'd*, 567 F.3d 976 (8th Cir. 2009).

## II. THERE IS NO EVIDENCE THAT THE NATIONAL NAACP OFFICE IMPROPERLY DISCOURAGED THE ST. LOUIS NAACP OFFICER FROM TESTIFYING.

There is no evidence that the National NAACP played any role in the St. Louis County NAACP officer's decision not to testify without first being subpoenaed. Although the actions of the National NAACP cannot be charged to Plaintiffs, Plaintiffs have, in an abundance of caution, undertaken an inquiry into whether the National NAACP office discouraged the St. Louis County NAACP officer from testifying. That inquiry has uncovered no evidence that such a conversation occurred. Plaintiffs' counsel was contacted by Reverend Gill Ford, who is named in Defendant's brief (but not in a declaration or in any other evidentiary submission) as the National NAACP representative who purportedly discouraged the St. Louis County NAACP officer from testifying, after he learned of these allegations from a newspaper. *See* Mem. in Supp. of Def.'s Mot. for Sanctions, ECF No. 57, at 3. But according to Rev. Ford, he did not speak with the St. Louis County NAACP officer about this case and is unaware of anyone else from the National NAACP doing so. *See* Ex. 9, Ford Decl. ¶¶ 3-4.

Again, Defendant has submitted no actual evidence to the contrary. "In most cases, witness tampering is established by the testimony of an individual who has actually been threatened, intimidated, or bribed by an accused." *In re Brican Am. LLC Equip. Lease Litig.*, 977 F. Supp. 2d 1287, 1297 (S.D. Fla. 2013). But there is no such evidence here, and sanctions should be denied on that basis. *See id.* Indeed, the only statement from the St. Louis County

5

NAACP officer in the record is an unequivocal statement that there "wasn't pressure" against testifying. Ex. 1, *St. Louis Post-Dispatch*, Sept. 8, 2015, ECF No. 64-1.

Instead of a direct statement from this purported witness, Defendant relies on a declaration from its own counsel, in which Defense counsel states that she was "advis[ed]" by the St. Louis NAACP officer as to what the NAACP officer was "told" "by the national NAACP office." Ormsby Decl., ECF No. 58, ¶ 5. This is insufficient. As an initial matter, Defense counsel has no personal knowledge of any communications between the St. Louis County NAACP officer and the National NAACP office. These "double hearsay" statements about those purported conversations are not competent evidence and should be ignored. *See Chadwell v. Koch Ref. Co., L.P.*, 251 F.3d 727, 731 (8th Cir. 2001) (excluding out-of-court statements about another party's out-of-court statements as inadmissible "double hearsay"). At a minimum, these double hearsay statements lack reliability and are insufficient to create a genuine factual dispute, given the direct evidence from Rev. Ford that no such communication in fact occurred.

Moreover, even if Defendant's unsubstantiated assertions about the National NAACP's actions were true, they would not establish any impropriety. That is, even assuming *arguendo* that the St. Louis County NAACP officer was "told not to testify" absent a subpoena by the National NAACP office, Ormsby Decl., ECF No. 58, ¶ 5, it would not establish that anyone "knowingly use[d] intimidation, threaten[ed], or corruptly persuade[d]" her not to testify, 18 U.S.C. § 1512(b). Ultimately, all that Ms. Ormsby's declaration establishes is that she believed that the St. Louis County NAACP officer had agreed to testify, and then, after a deposition was scheduled, the St. Louis County NAACP officer apparently changed her mind and indicated that she would not testify without a subpoena. But that does not establish anything

6

about the reasons for her decision not to testify without a subpoena, let alone that her decision was the result of impropriety.

### III. THERE IS NO EQUITABLE BASIS FOR SANCTIONS.

Finally, sanctions are inappropriate because there has been absolutely no prejudice to Defendant. Although Defendant asserts that it has been prejudiced because it "cannot gain the testimony of a witness," Def.'s Reply, ECF No. 66, at 6, that is simply incorrect. If this witness's testimony were truly important, Defendant could have obtained it through the issuance of a subpoena. Indeed, that is precisely how Plaintiffs adduced testimony from Defendant's board members. *See* Pls.' Opp'n, ECF No. 64, at 12. If Defendant seeks to re-open discovery for the sole purpose of taking this witness's testimony about the issues identified in Defendant's amended disclosures, Plaintiffs have no objection, provided it will not be used as a basis for seeking to further delay filing of dispositive motions. The fact that Defendant now shows no interest in seeking this witness's testimony—which apparently concerns a subject about which at least eight disclosed witnesses are competent to testify, *see id.* at 13—is telling.

Finally, there is no basis for the Court to grant evidentiary sanctions against all Plaintiffs. Defendant has not alleged or even implied any wrongdoing by Plaintiffs Hudson, Bailey, or Johnson. Thus, even if Defendant's allegations about the Missouri NAACP had any merit—and they do not—it would be wholly inappropriate for the Court to order sanctions precluding the remaining Plaintiffs, who are indisputably blameless, from submitting evidence on any issues in this case.

## CONCLUSION

For the reasons set forth above and in Plaintiffs' previous submission, Defendant's motion for sanctions should be denied.

Dated this 18th day of September, 2015.     Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
JESSIE STEFFAN, #64861MO
ACLU of Missouri Foundation
454 Whittier Street
St. Louis, MO 63108
Phone: (314) 652-3114

DALE E. HO*
JULIE A. EBENSTEIN*
SOPHIA LIN LAKIN*
ACLU Voting Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2693

GILLIAN R. WILCOX, #61278MO
ACLU of Missouri Foundation
3601 Main Street
Kansas City, MO 64111
Phone: (816) 470-9938

M. LAUGHLIN McDONALD*
ACLU Voting Rights Project
2700 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303
Phone: (404) 500-1235

*appearing pursuant to Local Rule 12.01(F)*

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I, Anthony E. Rothert, hereby certify that on September 18, 2015, I filed the foregoing document using the e-filing system, thereby serving electronic copies via email to all named parties below:

Darold E. Crotzer, Jr.
Crotzer and Ormsby, LLC
130 S. Bemiston Avenue, Suite 602
Clayton, MO 63105
Phone: (314) 726-3040
dcrotzer@crotzerormsby.com

Cindy Reeds Ormsby
Angela Bullock Gabel
Crotzer and Ormsby, LLC
130 S. Bemiston Avenue, Suite 602
Clayton, MO 63105
Phone: (314) 726-3040
cormsby@crotzerormsby.com
agabel@crotzerormsby.com

John A. Safarli
Floyd, Pflueger & Ringer, P.S.
200 W. Thomas Street, Suite 500
Seattle, WA 98119
Phone: (206) 441-4455
jsafarli@floyd-ringer.com

/s/ Anthony E. Rothert