## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MISSOURI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:14-cv-02077-RWS |
| FERGUSON-FLORISSANT SCHOOL DISTRICT, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR HEARING ON MOTION FOR SUMMARY JUDGMENT**

Pursuant to E.D. Mo. L.R. 4.02, Plaintiffs request that this Court schedule a hearing to consider oral argument on Plaintiffs' motion for summary judgment.

Plaintiffs' are entitled to summary judgment because "there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law" that, based on the totality of circumstances, the at-large method for electing Ferguson-Florissant School Board members, in combination with racially polarized voting, denies African-American voters an equal opportunity to elect representatives of their choice, in violation of Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301. Fed. R. Civ. P. 56(a).

Oral argument may be beneficial to this Court's resolution of Plaintiffs' motion for summary judgment because the legal question presented in this case requires a multifaceted analysis. First, Plaintiffs demonstrated that the three preconditions set forth in *Thornburg v. Gingles*, 478 U.S. 30 (1986), for establishing a Section 2 vote dilution violation are met: (1) the District's African-American population is sufficiently large and geographically compact to constitute a majority of the voting age population in three or four of seven properly apportioned single-member districts; (2) the voting patterns of the District's African-American residents are

politically cohesive in Board elections; and (3) other members of the electorate vote sufficiently as a bloc to usually defeat African-American voters' preferred candidates. Second, Plaintiffs demonstrate that, under the totality of the circumstances, the District's African-American residents have less opportunity than other residents to elect candidates of their choice. The current at-large system for electing Board members in staggered April elections, combined with racially polarized voting, prevents the District's African-American residents from participating on equal terms in Board elections and impermissibly dilutes their voting strength.

Should this Court agree that oral argument would be beneficial, Plaintiffs request that a hearing be scheduled.

Respectfully submitted,

/s/ Julie A. Ebenstein
JULIE A. EBENSTEIN*
DALE E. HO*
SOPHIA LIN LAKIN*
ACLU Voting Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2686

ANTHONY E. ROTHERT, #44827MO
JESSIE STEFFAN, #64861MO
ACLU of Missouri Foundation
454 Whittier Street
St. Louis, MO 63108
Phone: (314) 652-3114

M. LAUGHLIN McDONALD*
ACLU Voting Rights Project
2700 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303
Phone: (404) 500-1235

*appearing pursuant to Local Rule 12.01(F)*

ATTORNEYS FOR PLAINTIFFS

# **CERTIFICATE OF SERVICE**

I, Julie A. Ebenstein, hereby certify that on September 30, 2015, I filed the foregoing document using the e-filing system, thereby serving electronic copies via email to all named parties below:

Darold E. Crotzer, Jr.
Crotzer and Ormsby, LLC
130 S. Bemiston Avenue, Suite 602
Clayton, MO 63105
Phone: (314) 726-3040
dcrotzer@crotzerormsby.com

Cindy Reeds Ormsby
Angela Bullock Gabel
Crotzer and Ormsby, LLC
130 S. Bemiston Avenue, Suite 602
Clayton, MO 63105
Phone: (314) 726-3040
cormsby@crotzerormsby.com
agabel@crotzerormsby.com

John A. Safarli
Floyd, Pflueger & Ringer, P.S.
200 W. Thomas Street, Suite 500
Seattle, WA 98119
Phone: (206) 441-4455
jsafarli@floyd-ringer.com

/s/ Julie A. Ebenstein
JULIE A. EBENSTEIN*
ACLU Voting Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2686

*appearing pursuant to Local Rule 12.01(F)*

ATTORNEY FOR PLAINTIFFS