UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:14 CV 2077 RWS ) |
| FERGUSON-FLORISSANT SCHOOL DISTRICT, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

In this lawsuit, plaintiffs challenge the at-large election system by which the Ferguson-Florissant School District school board members are elected. According to plaintiffs, the current system denies African-American voters an equal opportunity to participate in the political process in violation of Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. Plaintiffs seek to replace the at-large election system with one in which school board members are elected from single-member districts.

Plaintiffs and defendants move for summary judgment with lengthy briefs and voluminous exhibits supposedly demonstrating the "undisputed" facts entitling them to judgment as a matter of law. Both sides rely on expert testimony to establish their version of the allegedly "undisputed" facts. Not surprisingly, the experts differ greatly on what these "undisputed" facts are and how these "undisputed" facts demonstrate that each side is entitled to judgment as a matter of law. I have read the motions and supporting materials and must deny summary judgment as neither plaintiffs nor defendants have carried their burden of demonstrating that

summary judgment is proper in this case.[1] When parties rely on battling experts to establish material facts, the facts are not "undisputed" as required to grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[2] *See Scallon v. U.S. Ag Center, Inc.*, 42 F. Supp. 2d 867, 870 (N.D. Iowa 1999). Even though this is a non-jury case, the Court still cannot resolve disputed facts or decide which experts to believe at this point as credibility determinations are inappropriate on summary judgment. *See Board of Regents of University of Nebraska v. BASF Corp.*, 2008 WL 4643174, at *1 (D. Neb. Oct. 21, 2008) (not permissible for court to weigh witness credibility or resolve disputed issues of material fact on summary judgment in a non-jury case).

I will discuss scheduling matters with the parties during the status conference set for next week, but I caution the parties against filing numerous motions *in limine*, as evidence is routinely admitted and given such weight as is appropriate in a bench trial. The parties will be better served by using their best efforts to stipulate to the admission of evidence in an effort to streamline the trial of this case.

---

[1] I note that many of the key cases relied upon by the parties were decided after bench trials, not on summary judgment. *See, e.g., Thornburg v. Gingles*, 478 U.S. 30 (1986); *Bone Shirt v. Hazeltine*, 461 F.3d 1011 (8th Cir. 2006); *Clay v. Bd. of Education of the City of St. Louis*, 90 F.3d 1357 (8th Cir. 1996); *Benavidez v. City of Irving*, 638 F. Supp. 2d 709 (N.D. Tex. 2009).

[2] Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Lynn v. Deaconess Medical Center*, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the non-moving party has an affirmative burden to designate specific facts creating a triable controversy. *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004).

Accordingly,

**IT IS HEREBY ORDERED** that the pending summary judgment motions [80] [83] are denied, and the motion for hearing on summary judgment [88] is denied as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2015.