## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MISSOURI

MISSOURI STATE CONFERENCE OF   )
THE NATIONAL ASSOCIATION FOR   )
THE ADVANCEMENT OF COLORED   )
PEOPLE, REDDITT HUDSON,   )
F. WILLIS JOHNSON and   )
DORIS BAILEY,   )
   )
               Plaintiffs,   )
   )
v.   )   Civ. No. 4:14-cv-02077-RWS
   )
FERGUSON-FLORISSANT SCHOOL   )
DISTRICT and ST. LOUIS COUNTY   )
BOARD OF ELECTIONS   )
COMMISSIONERS,   )
               Defendants.   )

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR INTERIM RELIEF

Plaintiffs the Missouri State Conference of the National Association for the Advancement of Colored People, Redditt Hudson, F. Willis Johnson, and Doris Bailey (collectively, "Plaintiffs") respectfully file this memorandum in support of their motion for interim relief.

## INTRODUCTION

Trial in this case will commence on January 11, 2016. On April 5, 2016, Defendant Ferguson Florissant School District ("the District" or "FFSD") is scheduled to hold an election, during which FFSD residents are to elect two members to new, three-year terms on the District's Board. The election will be facilitated by Defendant St. Louis County Board of Elections.

Assuming this Court finds that FFSD's at-large method of electing Board members violates Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301, the April 5, 2016 election should not proceed under the current at-large system. If the April election were to

proceed under the existing at-large system while this Court fashions a permanent remedy, two members of the Board would be elected to three-year terms under an election scheme that discriminates on the basis of race in violation of federal law. Holding the election *after* (or immediately before) a finding of liability would put a permanent, irreversible stain on the election results, undermine the legitimacy of incoming Board members, and discourage voter participation. It would also perpetuate the harm Section 2 seeks to rectify by forcing African-American voters to wait another year before gaining an equal opportunity to participate in the political process and elect representatives of their choice to the Board.

As interim relief, Plaintiffs request that this Court pause the upcoming Board election until the next practicable date on which elections are currently scheduled to take place (either the August 2, 2016 statewide primary or the November 8, 2016 general election) to provide an opportunity to craft and implement a permanent remedy.[1] Missouri law provides that the two Board members whose terms are set to expire would continue to serve until their successors are elected. *See* Mo. Const. Art. VII, § 12 ("Except as provided in this constitution, and subject to the right of resignation, all officers shall hold office for the term thereof, and until their successors are duly elected or appointed and qualified."); Mo. Rev. Stat. § 105.010 ("All officers elected or appointed by the authority of the laws of this state shall hold their offices until their successors are elected or appointed, commissioned and qualified."). The Board could continue to function in the short time (*i.e.*, the four months until August, or seven months until November) until an election can be held after a remedial plan has been implemented.

---

[1] Although interim relief is most appropriately granted after liability has been determined at trial, Plaintiffs bring this motion now—in advance of any deadlines related to the April 5, 2016 election—so that the request for and grant of interim relief will not come as a surprise to the Court, the Defendants, or members of the FFSD community.

**ARGUMENT**

The Supreme Court explained that once a voting scheme has been found to violate federal law, "it would be the unusual case in which a court would be justified in not taking appropriate action to insure that no further elections are conducted under the invalid plan." *Reynolds v. Sims*, 377 U.S. 533, 585 (1964).[2] "In awarding or withholding immediate relief, a court is entitled to and should consider the proximity of a forthcoming election and the mechanics and complexities of state election laws, and should act and rely upon general equitable principles." *Id.* In the school desegregation context, the Court noted that "all awkwardness and inconvenience cannot be avoided in the interim period when remedial adjustments are being made to eliminate the dual school systems." *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 28 (1971). This Court ought not let an election go forward under an invalid election scheme, particularly where a remedy can be in place quickly and with little disruption. Doing otherwise would impose irreparable harm on FFSD voters. *See, e.g.*, *United States v. Vill. of Port Chester*, 704 F. Supp. 2d 411, 416 (S.D.N.Y. 2010) (recounting that court had enjoined defendant from holding upcoming election under challenged at-large system because "there would be irreparable harm if the . . . election were to proceed under a structural framework that violated the Voting Rights Act"); *Ga. State Conference of the NAACP v. Fayette Cty. Bd. of Comm'rs*, No. 3:11-cv-00123-TCB, 2015 WL 4633575, at *8-9 (N.D. Ga. Aug. 3, 2015) (granting preliminary injunction where plaintiffs would otherwise suffer irreparable harm "from at-large voting because it [would] dilute their votes in the upcoming election and effectively deny their right to vote"); *accord Day v. Robinwood W. Cmty. Improvement Dist.*, No. 4:08CV01888 ERW, 2009 WL 1161655, at *3 (E.D. Mo. Apr. 29, 2009) (noting that dilution of the right to vote is an

---

[2] Because *Reynolds* pre-dated enactment of the Voting Rights Act, the question in that case was whether the challenged voting scheme violated the federal Constitution.

irreparable harm); *see also Williams v. Salerno*, 792 F.2d 323, 326 (2d Cir. 1986) (denial of right to vote is "irreparable harm").

This Court has authority to delay the election. Although the manner in which elections are conducted is a matter of state law, courts must ensure that particular elections comport with the requirements of the Voting Rights Act. Thus, the Supreme Court directed a district court to extend the deadline for filing notices of candidacy when the district court felt it had insufficient time to devise single-member districts to remedy an invalid reapportionment plan before that candidate filing deadline. *Connor v. Johnson*, 402 U.S. 690, 693 (1971) (per curiam). And when, after a bench trial, a district court found that the at-large system used to elect members to a village board violated Section 2, the district court directed the parties to submit proposed remedial plans and delayed the upcoming election several months "to ensure enough time to properly implement the new system." *Port Chester*, 704 F. Supp. 2d at 447; *see id.* at 453. Likewise, after finding that the at-large system of electing members of a city's board of commissioners violated Section 2, a district court enjoined the city "from holding any elections under the current city charter," to allow time for consideration of a remedial plan. *Brown v. Bd. of Comm'rs of Chattanooga*, 722 F. Supp. 380, 400 (E.D. Tenn. 1989); *see also Taylor v. Haywood Cty.*, 544 F. Supp. 1122, 1134-35 (W.D. Tenn. 1982) (after finding substantial likelihood that at-large election scheme for county highway commissioners violated Section 2, enjoining defendants from conducting upcoming election pending hearing on merits).

The delay need not be long. In *Montes v. City of Yakima*, a successful Section 2 challenge to an at-large election scheme, the remedy was briefed in a twenty-seven day period. *Montes v. City of Yakima*, No. 2:12-cv-03108 (E.D. Wash.), ECF Nos. 113 through 139-1 (Oct. 3-30, 2014). In *Large v. Fremont County*, another successful Section 2 challenge to an at-large election

scheme, remedy briefing took less than a month, *see Large v. Fremont Cty.*, No. 2:05-cv-00270 (D. Wyo.), ECF Nos. 140 through 148-2 (June 25 – July 21, 2010), and a remedial order was entered three weeks later, *see Large*, ECF No. 150 (Aug. 10, 2010). The remedial stages in other cases involving similar remedies have been similarly brief. In *Jackson v. Board of Trustees of Wolf Point School District No. 45-45A*, briefing on a remedy to malapportioned voting districts was completed in six days, *see Jackson v. Bd. of Trustees of Wolf Point Sch. Dist. No. 45-45A*, No. 4:13-cv-65 (D. Mont.), ECF Nos. 56 through 64 (Feb. 14-20, 2014), and the parties proposed a remedy by consent judgment seven weeks after a liability finding, *see Jackson*, ECF No. 49 (Jan. 24, 2014) ECF. No. 70 (Mar. 13, 2014). In *Fraser v. Jasper County School District*, briefing on remedies to malapportioned voting districts occurred over ten days, *see Fraser v. Jasper Cty. Sch. Dist.*, No. 9:14-cv-2578 (D.S.C.), ECF Nos. 47 through 55-1 (Mar. 9-19, 2015), with a remedial order issued six weeks later, *see Fraser*, ECF No. 62 (Apr. 30, 2015).

Any hardship imposed on Defendants from a brief delay is minor. Defendant St. Louis County Board of Elections is already prepared to conduct elections on August 2, 2016 and November 6, 2016. The District's election can be added to either of these election dates, which would provide sufficient time to develop and implement a remedy and allow the community to be more informed and educated about the new system. The District can continue to function during this brief interim period because the terms of the Board members who would be replaced in the election continue, by operation of state law, until their successors are elected. *See* Mo. Const. Art. VII, § 12 ("Except as provided in this constitution, and subject to the right of resignation, all officers shall hold office for the term thereof, and until their successors are duly elected or appointed and qualified."); Mo. Rev. Stat. § 105.010 ("All officers elected or appointed by the authority of the laws of this state shall hold their offices until their successors

are elected or appointed, commissioned and qualified."). These potential inconveniences to Defendants are easily outweighed by the permanent, irreversible harm to the FFSD community from permitting an election to proceed under an unlawful election scheme. *See, e.g.*, *Fayette Cty.*, 2015 WL 4633575, at *9 (concluding that "the harm [plaintiffs] would suffer by way of vote dilution outweighs the harm to the [defendants]" in the form of time and resource expenditures); *Dillard v. Crenshaw Cty.*, 640 F. Supp. 1347, 1363 (M.D. Ala. 1986) (finding that "the administrative burden on the [defendants] cannot begin to compare with the further subjection of the counties' black citizens to denial of their right, to full and equal participation"); *see also Taylor v. Louisiana*, 419 U.S. 522, 535 (1975) ("administrative convenience" cannot justify practice that impinges upon fundamental right).

## CONCLUSION

For these reasons, should the Court find that FFSD's at-large method of electing Board members violates Section 2 of the Voting Rights Act, Plaintiffs respectfully request that, as interim relief, this Court enjoin Defendants from conducting any elections for the District's Board until August 2, 2016 or November 8, 2016, when a new election system may be properly implemented.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
JESSIE STEFFAN, #64861MO
ACLU of Missouri Foundation
454 Whittier Street
St. Louis, MO 63108
Phone: (314) 652-3114

JULIE A. EBENSTEIN*
DALE E. HO*
SOPHIA LIN LAKIN*
ACLU Voting Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2693

M. LAUGHLIN McDONALD*
ACLU Voting Rights Project
2700 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303
Phone: (404) 500-1235

*appearing pursuant to Local Rule 12.01(F)

ATTORNEYS FOR PLAINTIFFS

<u>**CERTIFICATE OF SERVICE**</u>

I, Anthony E. Rothert, hereby certify that on December 2, 2015, I filed the foregoing document using the e-filing system, thereby serving electronic copies via email to all named parties below:

Darold E. Crotzer, Jr.
Crotzer and Ormsby, LLC
130 S. Bemiston Avenue, Suite 602
Clayton, MO 63105
Phone: (314) 726-3040
dcrotzer@crotzerormsby.com

Cindy Reeds Ormsby
Angela Bullock Gabel
Crotzer and Ormsby, LLC
130 S. Bemiston Avenue, Suite 602
Clayton, MO 63105
Phone: (314) 726-3040
cormsby@crotzerormsby.com
agabel@crotzerormsby.com

John A. Safarli
Floyd, Pflueger & Ringer, P.S.
200 W. Thomas Street, Suite 500
Seattle, WA 98119
Phone: (206) 441-4455
jsafarli@floyd-ringer.com

/s/ Anthony E. Rothert