UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MISSOURI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, REDDITT HUDSON, F. WILLIS JOHNSON and DORIS BAILEY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No. 14-2077 |
| Plaintiffs, | | |
| v. | | |
| FERGUSON-FLORISSANT SCHOOL DISTRICT and ST. LOUIS COUNTY BOARD OF ELECTION COMMISSIONERS, | | |
| Defendants. | | |

**DEFENDANT FERGUSON FLORISSANT SCHOOL DISTRICT'S MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION FOR INTERIM RELIEF**

Defendant Ferguson Florissant School District ("Defendant", "District", or "FFSD") hereby files its Memorandum in Opposition to Plaintiffs' Motion for Interim Relief.

**INTRODUCTION**

FFSD respectfully requests that this Court deny Plaintiffs' motion. In the hypothetical event that FFSD's current election system is found to violate Section 2, the only reasonable course of action is to allow the upcoming April 2016 elections to proceed under the status quo and then hold fresh elections in April 2017 under whatever remedy is adopted by this Court.

Plaintiffs propose that the April 2016 elections should be postponed until August or November 2016, but this would inflict grievous harm on the voters, candidates, and public within FFSD, who have already invested in and expect an election to be held in April 2016. Moreover, it is doubtful that a remedy could be fully adjudicated and implemented in time for an election in August or November 2016. Accordingly, Plaintiffs' motion for interim relief should be denied.

1

## BACKGROUND

Plaintiffs neglect to mention several critical deadlines related to the upcoming FFSD school board election. Under state law, candidates may begin filing on the sixteenth Tuesday before the election. Mo. Rev. Stat. § 115.127.5. For the FFSD school board elections on April 5, 2016, the candidate-filing period opens on December 15, 2015, nearly one month before trial commences. And before the candidate filing period opens, legal notice of the election must be given to the public. *Id.*. The candidate filing period closes on the eleventh Tuesday before the election, or January 19, 2016. *Id.* FFSD must certify the list of board candidates and transmit notification of the certification to the St. Louis County Board of Election Commissioners by January 26, 2016—a mere ten days after the last anticipated day of trial. Mo. Rev. Stat. §§ 115.127.1. After filing, candidates will have commenced their campaign activity and started receiving donations.

## ARGUMENT

Plaintiffs argue that if FFSD's election system is declared unlawful, then this Court should postpone the April 5, 2016 school board election. Plaintiffs contend that the elections should be "pause[d]" until August 2, 2016, or November 4, 2016. Pls.' Mot. at pg. 2. There is a degree of irony to Plaintiffs' argument. Earlier in this case, FFSD sought to continue trial to June 2016. *See* Dkt. #71. FFSD's proposed trial date would have allowed more than enough time to determine liability and, if necessary, adjudicate and implement a remedy well in advance of the 2017 school board elections. Plaintiffs vigorously opposed FFSD's requested relief, arguing that "[r]esolution of this matter in time for the April 2016 election is imperative." *Id.* at pg. 10. Reversing course, Plaintiffs' motion for interim relief now argues that this matter *cannot* be resolved early enough for the April 5, 2016 election to proceed.

Throughout this litigation, Plaintiffs opposed FFSD's multiple requests for trial continuance by invoking April 5, 2016 as a looming deadline that must be met. After having secured a trial date within 13 months after filing their claim, Plaintiffs now ironically argue that conducting the elections on April 5, 2016 is unrealistic.

More concerning, postponing the April 2016 school board election would be severely detrimental to voters, candidates, and the public. Legal notice of the election must be given before the candidate filing period opens on December 15, 2015. Mo. Rev. Stat. § 115.127.5. When trial commences on January 11, 2016, the candidate filing period will have been open for nearly four weeks. Mo. Rev. Stat. § 115.127.5. Trial is expected to last three to five days (*i.e.*, end on January 13-15). Dkt. #18 at pg. 4. But the candidate filing period closes the Tuesday after trial (January 19, 2016), and the candidate list must be certified and transmitted one week later (January 26, 2016). Mo. Rev. Stat. § 115.127.5. Given the complexity of this matter,[1] it is unlikely that a liability ruling will be issued prior to then. Thus, before judgment has been passed on FFSD's election system, legal notice will have been given of the April 2016 election; candidates will have filed; the list of candidates will have been certified and transmitted; the candidates will have started campaign activity and receiving donations; and the public will have started to educate themselves on the candidates and their positions.

Plaintiffs argue that postponing the April 2016 election will only cause "inconveniences to Defendants" in the form of administrative burdens. Pls.' Mot. at pg. 6. But they ignore the injuries that candidates, voters, and the public will suffer if this Court abruptly halts an election that has been months in the making. "[T]he public interest would not be served by a chaotic, last-minute

---

[1] *See* Dkt. #72-1 (2003-2004 District Court Case-Weighting Study: Final Report to the Subcommittee on Judicial Statistics of the Committee on Judicial Resources of the Judicial Conference of the United States).

reordering" of elections. *Favors v. Cuomo*, 881 F. Supp. 2d 356, 371 (S.D.N.Y. 2012). The interim relief sought by Plaintiffs would generate enormous uncertainty that would ill-serve the citizens of FFSD.

Next, Plaintiffs assert that this Court could simply keep school board members in office for another four months (if the elections were held in August 2016) or eight months (if held in November 2016). But the legal authority provided by Plaintiffs does not clearly allow for this. Article VIII, Section 12 of the Missouri Constitution, referred to by Plaintiffs, states that "all officers *shall* hold office for the term thereof, and until their successors are duly elected or appointed and qualified" (emphasis added). This provision plainly requires candidates to "hold office for the term" they are elected to, but Plaintiffs provide no authority that interprets the second clause to allow an extension of that term.

Further, Plaintiffs significantly downplay the amount of time needed to adjudicate and implement a remedy. For example, Plaintiffs assert that the "the remedy was briefed in a twenty-seven day period" in *Montes v. City of Yakima*, No 2:12-cv-3108 (E.D. Wash.). Pls.' Mot. at pgs. 4-5. This is a grossly incomplete description of the process. In *Montes*, the Court issued its summary judgment order in favor of the plaintiffs on August 22, 2014, and instructed the parties to submit a proposed districting plan. Dkt. #108. The parties did not complete their briefing until October 30, 2014, *see* Dkt. #139, and the Court did not resolve the complex factual and legal disputes until February 17, 2015—nearly five months later. Dkt. #143. After the order was issued, the Yakima County Auditor required months to implement the districting plan, which included redrawing precincts to fit within the newly-drawn district boundaries and update the voter registration database. *Montes*, No. 15-35309 (9th Cir.), Dkt. #12. Elections were held on November 3, 2015—more than 15 months after the liability finding.

4

With this recent example in mind, it is questionable that a remedy could be implemented in this matter in time for an election in August or even November 2016, which would have candidate filing periods of February 23, 2016 to March 26, 2016, and July 19, 2016, to August 23, 2016, respectively.[2] Given the intricate legal and political processes involved in the remedy phase, the candidate filing periods for the August or November 2016 elections would likely commence before the candidates or voters knew which district they resided in.

This uncertainty is precisely the harm that this Court expressed concern about during the November 12, 2015 hearing. 11/12/15 Tr. at 3:11-4:19. That uncertainty would not be avoided by postponing elections until August or November 2016. Moreover, such a "pause" would undermine the investment and expectations of candidates and voters who have prepared themselves for an April 2016 election. Pls.' Mot. at pg. 2. If liability is determined in this case, then allowing the April 2016 elections to proceed under the status quo and holding elections under the new system in April 2017 is the only way to guarantee that the remedy phase will be "adjudicate[ed] . . . fairly—and correctly." *Favors*, 881 F. Supp. 2d at 371.

"Court orders affecting elections . . . can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer, that risk will increase." *Purcell v. Gonzalez*, 549 U.S. 1, 4-5, 127 S. Ct. 5, 166 L. Ed. 2d 1 (2006). Plaintiffs are asking this Court, in the event of a liability finding, to issue an order that would create the exact confusion that the Supreme Court warned of. To best serve the interests of the voters, candidates, and public of FFSD, this Court should reject Plaintiffs' request.

---

[2] *See* 2016 Missouri Election Calendar, *available at* http://s1.sos.mo.gov/elections/calendar/2016cal.

## CONCLUSION

For the reasons given above, this Court should deny Plaintiffs' motion for interim relief. If liability is established after trial, this Court should allow the April 2016 elections to proceed under District's current system and order the April 2017 elections to occur under the new system.

Respectfully submitted this 4th day of December, 2015,

FLOYD, PFLUEGER & RINGER, P.S.

 /s/ John A. Safarli
John Armen Safarli, WSBA # 44056
*pro hac vice*
200 W. Thomas St., Ste. 500
Seattle, WA  98119
(206) 441-4455
(206) 441-8484 (fax)
jsafarli@floyd-ringer.com

CROTZER & ORMSBY, LLC

Cindy Reeds Ormsby, #50986
Angela Gabel, #58227
130 S. Bemiston, Ste. 602
Clayton, MO  63105
(314) 726-3040
(314) 726-5120 (fax)
cormsby@crotzerormsby.com
agabel@crotzerormsby.com

*Attorneys for Defendant Ferguson-Florissant School District*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is a person of such age and discretion as to be competent to serve papers. It is further certified that on December 4, 2015, the undersigned electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

Anthony E. Rothert
Andrew J. McNulty
Jessie M. Steffan
ACLU of Missouri Foundation
454 Whittier Street
St. Louis, MO 63108
Phone: 314-652-3114
Fax: 314-652-3112
trothert@aclu-mo.org
amcnulty@aclu.org
jsteffan@aclu-mo.org
gdoty@aclu-mo.org
*Counsel for Plaintiffs*

Dale Ho
Julie A. Ebenstein
Sophia Lin Lakin
ACLU Voting Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Phone: 212-549-2686
dale.ho@aclu.org
jebenstein@aclu.org
slakin@aclu.org
*Counsel for Plaintiffs*

M. Laughlin McDonald
ACLU Voting Rights Project
39 Drumm Street
San Francisco, CA 94111
Phone: 404-500-1235
lmcdonald@aclu.org
*Counsel for Plaintiffs*

Gillian R. Wilcox
ACLU of Missouri
3601 Main St.
Kansas City, MO 64111
gwilcox@aclu-mo.org
*Counsel for Plaintiffs*

    Dated this 4th day of December, 2015.

                                             /s/ John A. Safarli
                                             John Armen Safarli, WSBA # 44056
                                             *pro hac vice*