UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MISSOURI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, REDDITT HUDSON, F. WILLIS JOHNSON and DORIS BAILEY, <br><br> Plaintiffs, <br><br> v. <br><br> FERGUSON-FLORISSANT SCHOOL DISTRICT and ST. LOUIS COUNTY BOARD OF ELECTIONS COMMISSIONERS, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) No. 4:14-cv-02077-RWS ) ) ) ) ) ) ) |

**REPLY TO RESPONSES TO PLAINTIFFS' MOTION FOR INTERIM RELIEF**

Plaintiffs the Missouri State Conference of the National Association for the Advancement of Colored People, Redditt Hudson, F. Willis Johnson, and Doris Bailey (collectively, "Plaintiffs") respectfully file this reply to Defendants' responses to Plaintiffs' motion for interim relief.

**Introduction**

Plaintiffs request that, assuming this Court finds that FFSD's at-large method of electing Board members violates Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301 ("VRA"), the April 5, 2016 election not proceed under what would be an unlawful at-large system. Plaintiffs proposed briefly postponing the election while this Court fashions a permanent remedy to avoid two members of the Board being elected to three-year terms under an election scheme that discriminates on the basis of race in violation of federal law.

1

Defendant St. Louis County Board of Elections Commissioners does not oppose Plaintiffs' motion, but indicates that the logistics of an August election would be difficult while a November election would be feasible if a remedy were in place by July 5, 2016. ECF No. 121.

Defendant Ferguson-Florissant School District opposes the motion. ECF No. 120. Although the District does not deny that electing two members of a seven-member board to three-year terms under an illegal election scheme would cause irreparable harm, the District claims: (a) not holding the April 2016 could result in vacancies on the Board; (b) postponing the election until August or November is too short of a time to allow this Court to decide upon a remedy; and (c) allowing an unlawful election to proceed in April 2016 would be less confusing. Each point is insufficient to justify denying appropriate action to ensure that no further elections are conducted under an invalid scheme.

### I. The terms of incumbents continue until their successors are elected, but, if they do not, then a replacement may be appointed until a lawful election is held.

Without providing any legal authority, the District claims that it is unclear whether the Board members whose terms are due to expire would remain in their positions if no election is held in April. Missouri law is crystal clear. But even if a member could not, or chose not to, remain on the Board, Missouri law provides for the short-term appointment of a replacement. In any event, the District provides no reason the Board cannot function short-handed much less any equitable harm that outweighs the irreparably injury of conducting an election under a system that is discriminatory in violation of federal law, not only denying the voting rights of African-American voters, but also tainting the results and the winning candidates for the remainder of their terms.

Article VII, Section 12 of the Missouri Constitution provides, *inter alia*, "all officers shall hold office for the term thereof, and until their successors are duly elected or appointed and

2

qualified." Mo. Const. art. VII, § 12. And Missouri has statutorily provided that "[a]ll officers elected or appointed by the authority of the laws of this state shall hold their offices until their successors are elected or appointed, commissioned and qualified." Mo. Rev. Stat. § 105.010.

The District acknowledges the constitutional provision,[1] but suggests that its second clause—"and until their successors are duly elected or appointed and qualified"—has not been interpreted. From this, the District surmises, perhaps only the first phrase describes the actual tenure of office. In interpreting Missouri's constitution, courts "must assume that every word contained in a constitutional provision has effect, meaning, and is not mere surplusage." *State v. Honeycutt*, 421 S.W.3d 410, 415 (Mo. 2013), *as modified* (Dec. 24, 2013) (citation omitted). Moreover, the words of a constitutional provision "must be given their plain or ordinary meaning unless such construction will defeat the manifest intent of the constitutional provision." *Id.* (quotation and citation omitted). There is no ambiguity here. And the District does not propose any meaning for the second phrase other than what it plainly means: that one's tenure in office extends until one's successor is elected or appointed and qualified. If there were ambiguity, then a court would consider the title of the provision—"[t]enure of office"—to conclude that the entire provision, not just the first phrase, describes how long an official retains her office.

The Missouri Supreme Court has already explained "the intent and purpose of Sec. 12 is to guarantee a continuity of tenure, to make sure that the public, for whose benefit the office has been created, will at all times have an incumbent to perform the duties thereof, to insure that the public interest will not suffer from the neglect of duties which would result for want of an incumbent and that public business will not be interrupted." *State ex rel. Voss v. Davis*, 418 S.W.2d 163, 170 (Mo. 1967). "[T]he words 'for the term thereof' in Art. VII, Sec. 12 mean for

---

[1] This District mis-cites the provision as Article VIII, § 12.

the term of the office, whatever it may be." *Moynihan v. Gunn*, 204 S.W.3d 230, 236 (Mo. Ct. App. 2006) (citing *Davis*, 418 S.W.2d at 170). "When so read and taken along with the final clause 'and until their successors are duly elected or appointed and qualified,' which is an integral part of the section, it then fulfills its purpose of insuring continuity and avoiding a lapse in an office, no matter whether the term is shortened or not." *Moynihan*, 204 S.W.3d at 236 (quoting *Davis*, 418 S.W.2d at 170).

But, even if this Court were to view the constitutional provision as an unresolved ambiguity, the District simply ignores the even clearer statutory command: "[a]ll officers elected or appointed by the authority of the laws of this state shall hold their offices until their successors are elected or appointed, commissioned and qualified." Mo. Rev. Stat. § 105.010. The statute provides for any elected or appointed official to hold office until her successor is elected or appointed.

Even under the District's interpretation, Board members serve their terms, and, in this case, the terms of school board members do not expire until their successors are elected. "The government and control of a seven-director school district, other than an urban district, is vested in a board of education of seven members, *who hold their office for three years*, except as provided in section 162.241, *and until their successors are duly elected and qualified*." Mo. Rev. Stat. § 162.261.1 (emphases added). Thus, delaying the April 2016 election would not require this Court to extend the term of a Board member in order to ensure no vacancies because the term itself is for three years *and* until a successor is elected and qualified.

Assuming, *arguendo*, these constitutional and statutory provisions did not make clear that the term of a school board member encompasses the time until a successor is elected and qualified, postponing the election would not be a barrier to a full Board. "Any vacancy occurring

4

in the board shall be filled by the remaining members of the board; except that if there are more than two vacancies at any one time, the county commission upon receiving written notice of the vacancies shall fill the vacancies by appointment." Mo. Rev. Stat. § 162.261.1. Unlike a candidate who would be elected under the illegal scheme were the April 5, 2016 election to proceed, an appointed candidate would not serve for three years; rather, "[t]he person appointed shall hold office until the next municipal election, when a director shall be elected for the unexpired term." *Id.*

II. **There is ample time to implement a remedy.**

The District suggests that "it is questionable that a remedy could be implemented in this matter for an election in August or even November 2016[.]" ECF No. 120 at 5. The relevant dates for each of these elections provided by the District are mostly correct.[2] The District omits that the final certification date for the August election is not until May 24, 2016, and for the November election is August 30, 2016. *See* Mo. Rev. Stat. § 115.125.1 (providing that final certification is the tenth Tuesday before the election). And, the District neglects to mention that state law permits candidates to withdraw from or be added to the ballot with court permission until June 21, 2016 for the August election and until September 27, 2016 for the November election. *See* Mo. Rev. Stat. §§ 115.127.6 (permitting a candidate to remove his or her name from the ballot up to six weeks before an election); 115.333.2 (permitting courts to order new candidates or parties onto the ballot after the ten-week deadline). Defendant Board of Elections will not publish the notice of election until July 19, 2016 for the August election and until October 25, 2016 for the November election. *See* Mo. Rev. Stat. § 115.127. Moreover, if necessary, this Court can extend the candidate-filing deadline. *See, e.g.*, *Connor v. Johnson*, 402

---

[2] The District asserts that the candidate filing period for an August election would end on March 26, 2016. The actual deadline, if not adjusted, would be March 29, 2016. *See* http://s1.sos.mo.gov/elections/calendar/2016cal.

5

U.S. 690, 693 (1971) (directing district court to extend deadline for candidate filing). There is no reason remedy proceedings in this case cannot be expedited in a manner to allow an election in 2016.

Resolution of liability before the election currently scheduled for April 2016 remains imperative. Assuming this Court finds that FFSD's method of electing Board members violates the VRA, the worst-case scenario is that the District is correct and a remedy will not be implemented in time for the November election. If this should come to pass—and there is no reason it should—then the alternative is to postpone the election until April 2017. While this would be unsatisfactory to all, it is superior to electing individuals to three-year terms under an invalid system without even trying to have a lawful election in 2016. It is also consistent with how Missouri has chosen to deal with school board vacancies—allowing persons not duly elected to serve only until the next possible election.

**III. Additional time before an election will ameliorate any effects of confusion.**

The District claims that postponing the election will cause confusion. While a change in the date of an election would need to be well publicized to avoid confusion, it is certainly less confusing than the District's proposal of having a regular election for a three-year term under a system that has been declared to be racially discriminatory and illegal. Forcing a vote on at-large candidates for three-year terms on the District's Board immediately after that method of election has been found to violate the VRA would be perplexing for the average voter and demoralizing for voters who are told to cast votes they know are diluted. Additional time before the election will allow an opportunity to not only develop a remedy, but also educate the public about what is changing and why.

The District speculates that candidates and the public will have started preparing for an April 2016 election before a decision on liability is announced. With elections held annually, this would likely be a complaint no matter when a decision on liability comes—candidates and the community are *always* working on the next election. And, it is still possible to minimize disruptions. Candidates need not even file for candidacy until January 19, 2016, after the trial is complete. State law permits candidates to withdraw or be added to the ballot with court permission through February 23, 2016, and notice of the April election will not be published until March 22, 2016. Before those dates, the parameters of an election are not fully settled. If interim relief is granted in conjunction with a finding of liability, or before the candidate filing deadline or extended deadline, any disruption will be relatively minor compared to the confusion caused by having an election under an unlawful scheme and allowing the election of candidates to three-year terms under that scheme.

**Conclusion**

The District's proposed solution to a finding that the scheme it uses to elect members to its Board violates the VRA would be to hold an election under the scheme anyhow, allowing two members to be elected to new, three-year terms. Maintaining the status quo after a finding of liability, however, would perpetuate racial discrimination and runs contrary to the very purpose of the VRA.

Respectfully submitted,


/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
JESSIE STEFFAN, #64861MO
ACLU of Missouri Foundation
454 Whittier Street
St. Louis, MO 63108
Phone: (314) 652-3114

JULIE A. EBENSTEIN*
DALE E. HO*
SOPHIA LIN LAKIN*
ACLU Voting Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2693

M. LAUGHLIN McDONALD*
ACLU Voting Rights Project
2700 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303
Phone: (404) 500-1235

*appearing pursuant to Local Rule 12.01(F)*

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I, Anthony E. Rothert, hereby certify that on December 14, 2015, I filed the foregoing document using the e-filing system, thereby serving electronic copies via email to all named parties below:

Darold E. Crotzer, Jr.
Crotzer and Ormsby, LLC
130 S. Bemiston Avenue, Suite 602
Clayton, MO 63105
Phone: (314) 726-3040
dcrotzer@crotzerormsby.com

Cindy Reeds Ormsby
Angela Bullock Gabel
Crotzer and Ormsby, LLC
130 S. Bemiston Avenue, Suite 602
Clayton, MO 63105
Phone: (314) 726-3040
cormsby@crotzerormsby.com
agabel@crotzerormsby.com

John A. Safarli
Floyd, Pflueger & Ringer, P.S.
200 W. Thomas Street, Suite 500
Seattle, WA 98119
Phone: (206) 441-4455
jsafarli@floyd-ringer.com

/s/ Anthony E. Rothert