UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MISSOURI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, REDDITT HUDSON, F. WILLIS JOHNSON and DORIS BAILEY, | ) ) ) ) ) ) | |
| Plaintiffs, | ) | Civ. No. 4:14-cv-02077-RWS |
| v. | ) ) | |
| FERGUSON-FLORISSANT SCHOOL DISTRICT and ST. LOUIS COUNTY BOARD OF ELECTION COMMISSIONERS, | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT FERGUSON FLORISSANT SCHOOL DISTRICT'S MOTION TO STAY PENDING APPEAL

Defendant Ferguson Florissant School District, pursuant to Federal Rules of Civil Procedure 62(c) and Federal Rules of Appellate Procedure 8(a)(1), hereby Move the Court for an Order staying its August 22, 2016 Memorandum Opinion and Order and its November 21, 2016 Remedial Order pending appeal.

## LEGAL STANDARD

Federal Rule of Civil Procedure 62(c) states, in relevant part: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

Federal Rule of Appellate Procedure 8(a)(1) states, in relevant part: "A party must ordinarily move first in the district court for the following relief: (a) A stay of the judgment or order of the district court pending appeal[.]"

1

This Court requires that "[t]he party seeking a stay pending appeal must show (1) that it is likely to succeed on the merits; (2) that it will suffer irreparable injury unless the stay is granted; (3) that no substantial harm will come to other interested parties; and (4) that the stay will do no harm to the public interest." *James River Flood Control Ass'n. v. Watt*, 680 F.2d 543, 544 (8th Cir. 1982).

**ARGUMENT**

On August 22, 2016, this Court entered its Memorandum Opinion and Order finding the Ferguson Florissant School District liable for violating Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. The opinion included the Court's order that "enjoins Defendants from conducting any elections for the District's Board until a new system may be properly implemented." ECF 185 at 118.

On November 21, 2016, the Court issued its Remedial Order. That Order also enjoined Defendants from conducting traditional at-large elections. In addition, the Court ordered Defendants to implement cumulative voting and a comprehensive voter education program providing voter education and outreach before the first election using cumulative voting. ECF 212 at 26.

On December 19, 2016, the District Moved the Court to Stay the above injunctions pending appeal. The parties agreed to conduct oral arguments at that time and the Court granted the District's Motion.

The Motion to Stay Pending Appeal meets the injunctive standard as outlined by the Eighth Circuit in *James River*. First, the District is likely to succeed on the merits of its appeal. The Court issued a voluminous 119-page opinion on whether the District is liable under Section 2 of the Voting Rights Act. The Court has stated on numerous occasions that this is a unique

case with a unique set of facts. The fact that the African American and white voting age populations in the District are at near parity distinguishes it from most other Section 2 cases. In addition, the District was required to conduct at-large elections pursuant to Missouri law and therefore had no intent whatsoever to violate any law – Missouri or federal. Finally, the fact that the District's at-large elections produced three African American board members, two of which are uncontested minority preferred candidates in the last three years is simply unprecedented. In sum, the list of unique circumstances is long and varied. The Court's challenge was to apply existing Section 2 case law to this unforeseen set of circumstances.

In so doing, the Court decided difficult questions of law and fact erroneously. Among those are whether the Court's 'special circumstances' finding can be applied to multiple and successive elections under these circumstances. To the District's knowledge, no court with the exception of this court, has found in the affirmative on this. The District believes this issue alone demonstrates its likelihood of success. However, the District will also argue multiple additional pure questions of law and mixed questions of law and fact that warrant reversal.

The second factor for a stay is whether the District will suffer irreparable injury unless a stay is granted. *Id*. The answer is yes. The District believes the current board members were duly and lawfully elected under the at-large system. That system has led to an unprecedented level of African American representation. Changing the current system to implement cumulative voting will irreparably harm the District by reversing the momentous gains for African American representation achieved under the current at-large system. Both parties agree on the importance of African American representation and any step back at this point will lead to further disillusionment.

Additionally, the District and its voters will suffer irreparable injury by inserting confusion among candidates that have already filed for office and among voters. Keeping the current system, pending the result of the District's appeal, provides the best opportunity for this Court to meet its obligation to do no harm.

The third factor requires that no substantial harm will come to other interested parties. *Id*. The St. Louis County Board of Elections Commissioners ("BOEC") is a party to this action. There is no harm to the BOEC by keeping the *status quo* and maintaining the current at-large system. In fact, the burden on the BOEC is lessened because it will not have to re-program and implement an entirely new electoral system in the upcoming weeks. While the Plaintiffs may argue they will incur substantial harm, history would indicate otherwise. The most recent at-large elections have achieved additional African American representation. That additional representation has been Plaintiffs' goal from the beginning. Thus, any harm in delaying the potential implementation of an alternative and confusing electoral system is *de minimis*.

Finally, implementing a stay will do no harm to the public interest. *Id*. As the Court indicated, the public interest is best served by providing a stable electoral system. Voters are best served by keeping the current system until a decision about any new system is ultimately determined by the Eighth Circuit. Injecting uncertainty in the process by implementing an entirely new system of voting that may be reversed the following election is not in the public interest.

## **CONCLUSION**

For these reasons, the District implored the Court to grant its Motion to Stay. In so doing, the Court would stay its injunction enjoining the Defendants from conducting at-large

elections and would stay implementation of cumulative voting until the Eighth Circuit makes a final determination on appeal.

                                                 Respectfully submitted,
CROTZER & ORMSBY, LLC

*/s/ Angela Bullock Gabel*
Angela Bullock Gabel, 58227MO
Cindy Reeds Ormsby, 50986MO
130 S. Bemiston Ave., Suite 602
Clayton, MO 63105
314.726.3040 / 314.726.5120 (fax)
agabel@crotzerormsby.com
John A. Safarli
Floyd, Pflueger & Ringer, P.S.
200 W. Thomas Street, Suite 500
Seattle, WA 98119
Phone: (206) 441-4455
*Attorneys for Defendant Ferguson-Florissant School District*

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that she is a person of such age and discretion as to be competent to serve papers. It is further certified that on December 20, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Anthony E. Rothert
Andrew J. McNulty
Jessie M. Steffan
ACLU of Missouri Foundation
454 Whittier Street
St. Louis, Mo 63108
*Counsel for Plaintiffs*

Dale Hoe
Julie A. Ebenstein
Sophia Lin Lakin
ACLU Voting Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
*Counsel for Plaintiffs*

5

M. Laughlin McDonald
ACLU Voting Rights Project
2700 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303
*Counsel for Plaintiffs*

Gillian R. Wilcox
ACLU of Missouri
3601 Main Street
Kansas City, MO 64111
*Counsel for Plaintiffs*

                                                */s/ Angela Bullock Gabel*