UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MISSOURI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:14-cv-02077-RWS |
| FERGUSON-FLORISSANT SCHOOL DISTRICT and ST. LOUIS COUNTY BOARD OF ELECTIONS COMMISSIONERS, | ) ) ) ) ) | |
| Defendants. | ) | |

**Plaintiffs' Memorandum in Opposition to
Defendant Ferguson-Florissant School District's Motion for Stay Pending Appeal**

This case was filed more than two years ago on December 18, 2014. ECF No. 1. Plaintiffs have diligently litigated this case and prevailed on the merits. They have waited long enough to finally have an election system that vindicates their right to participate equally under the Voting Rights Act.

Trial was held in this case nearly one year ago, over a six-day period in January 2016, and on August 22, 2016, this Court found that the scheme for electing members of the Ferguson-Florissant School District violates Section 2 of the Voting Rights Act. ECF No. 185. Thus, beginning on that date, the Court "enjoin[ed] Defendants from conducting any elections for the District's Board until a new system may be properly implemented." *Id*. Neither defendant sought a stay of this Court's injunction.

On November 21, 2016, this Court entered its remedial order, directing the defendants to implement a system of cumulative voting to remedy the Voting Rights Act violation. ECF No. 212. In that order, this Court rejected the School District's assertion that maintaining the existing

1

voting system could remedy the violation. Neither defendant sought a stay of this Court's orders.

Candidate filing for the next School Board election commenced on December 13, 2016.[1] Candidates have filed to run for seats on the School Board. Tr. at p. 5 ("We have candidates that have already filed for office."). *After* the opening of candidate registration, the District filed a notice of appeal. ECF No. 229. Still, neither defendant sought a stay of this Court's orders.

On December 19, 2016, the District made an oral motion to stay *both* the liability order, which enjoined further elections using the method that violated Section 2 of the Voting Rights Act, and the remedy order, which directed implementation of cumulative voting to remedy that violation. Tr. at p. 3. On December 20, 2016, the District followed its oral motion with a written one. ECF No. \*\*\*.

The motion should be denied because the District has not made a "strong showing" that it is likely to succeed on the merits of its appeal, shown how the District will be irreparably injured absent a stay, disputed that a stay will substantially injure the other parties interested in the proceeding, or shown how the public interest is favored by allowing an election to proceed in violation of the Voting Rights Act. *See Nken v. Holder*, 556 U.S. 418, 433–34 (2009). The "party requesting a stay bears the burden of showing that the circumstances justify" a stay. *Id*. at 434.

The District has not provided any basis to believe it will succeed on the merits, much less made a strong showing. In contrast, in its order denying permission to file an interlocutory appeal, this Court found that its liability decision involves no controlling questions of law for which there is substantial ground for difference of opinion. ECF No. 200.

A stay would disrupt the status quo. Candidate filing has already begun. This Court

---

[1] The first day of candidate filing for the April 4, 2017 election was December 13, 2016. The final day is January 17, 2017. *See* https://www.sos.mo.gov/elections/calendar/2017cal.

ordered cumulative voting more than three weeks before the candidate filing period began. Candidates have entered the School Board election in reliance on this Court's order that Defendants implement cumulative voting to remedy the Voting Rights Act violation. The District waited a week into candidate filing to ask for a stay. Under these circumstances, a stay upends the status quo, which is that candidates filed to run in an election that would not be plagued by the Voting Rights Act violation.

Moreover, it is not in the public interest to allow an election to move forward under a method that violates the Voting Rights Act. Allowing the election to go forward will substantially injure Plaintiffs and other African American voters to whom this Court found the School Board elections are <u>not</u> equally open.

There is no harm to the applicant – *the District* – in allowing the Voting Rights Act violation to be remedied. Indeed, the District, Plaintiffs, and other voters will be harmed by a stay because three of the seven school board member positions are up for election on April 4, 2017. Thus, not only will nearly half of the board be elected under a system that violates federal law, but also the taint of the unlawful election will linger as the newly elected board members serve terms that extend three years.

If this Court is inclined to stay implementation of the remedy it ordered, then the liability order—which enjoined further elections under the racially discriminatory method until a remedy could be implemented—should remain in effect. Whatever advantage there might be to staying the order implementing the remedy, no person has a valid interest in insisting that an election proceed in a manner that violates federal law. A stay of the liability order and its injunction requires African American voters to bear all of the harm—an election would proceed as if they did not prevail at trial. Although not as ideal as moving forward with an election that comports

with the Voting Rights Act, enjoining further elections pending appeal would avoid perpetuating a violation of the Voting Rights Act after judgment with this Court's imprimatur.

Enjoining the April 2017 election would not leave the School Board shorthanded. Article VII, Section 12 of the Missouri Constitution provides, inter alia, "all officers shall hold office for the term thereof, and until their successors are duly elected or appointed and qualified." Mo. Const. art. VII, § 12.[2] And Missouri has statutorily provided that "[a]ll officers elected or appointed by the authority of the laws of this state shall hold their offices until their successors are elected or appointed, commissioned and qualified." Mo. Rev. Stat. § 105.010. Thus, current board members whose terms expire in April could remain in their positions.

However, enjoining further elections while the District's appeal proceeds would not force anyone to remain on the School Board. Those who wish to resign may do so, and, just as with the vacancy on the School Board that occurred after trial, "[a]ny vacancy occurring in the board shall be filled by the remaining members of the board; except that if there are more than two vacancies at any one time, the county commission upon receiving written notice of the vacancies shall fill the vacancies by appointment." Mo. Rev. Stat. § 162.261.1. Unlike three candidates who would be elected utilizing a dubious, illegal voting method if the April 2017 election proceeds without a

---

[2] The Missouri Supreme Court has explained "the intent and purpose of Sec. 12 is to guarantee a continuity of tenure, to make sure that the public, for whose benefit the office has been created, will at all times have an incumbent to perform the duties thereof, to insure that the public interest will not suffer from the neglect of duties which would result for want of an incumbent and that public business will not be interrupted." *State ex rel. Voss v. Davis*, 418 S.W.2d 163, 170 (Mo. 1967). "[T]he words 'for the term thereof' in Art. VII, Sec. 12 mean for the term of the office, whatever it may be." *Moynihan v. Gunn*, 204 S.W.3d 230, 236 (Mo. Ct. App. 2006) (citing *Davis*, 418 S.W.2d at 170). "When so read and taken along with the final clause 'and until their successors are duly elected or appointed and qualified,' which is an integral part of the section, it then fulfills its purpose of insuring continuity and avoiding a lapse in an office, no matter whether the term is shortened or not." *Id.* (quoting *Davis*, 418 S.W.2d at 170).

remedy for the Voting Rights Act violation, any appointed candidate would not serve for three years; rather, "[t]he person appointed shall hold office until the next municipal election, when a director shall be elected for the unexpired term." *Id.* Whatever minor inconvenience this might cause pales in comparison to the alternative of electing three-sevenths of the School Board to three-year terms in a manner that violates the Voting Rights Act.

For these reasons, the District's request to stay the judgment pending appeal should be denied in its entirety. In the alternate, any stay should extend to the remedy order only and not the order finding liability and enjoining Defendants from conducting any elections for the District's Board until a new system may be properly implemented.

        Respectfully submitted,

        /s/ Anthony E. Rothert
        ANTHONY E. ROTHERT, #44827MO
        ACLU of Missouri Foundation
        454 Whittier Street
        St. Louis, Missouri 63108
        Phone: (314) 652-3114

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2016, I filed the foregoing document using the e-filing system, thereby serving electronic copies via email to all named parties below:

Darold E. Crotzer, Jr.
Kathryn B. Forster
Crotzer and Ormsby, LLC
130 S. Bemiston Avenue, Suite 602
Clayton, MO 63105
Phone: (314) 726-3040
dcrotzer@crotzerormsby.com
kforster@crotzerormsby.com

Cindy Reeds Ormsby
Angela Bullock Gabel
Crotzer and Ormsby, LLC
130 S. Bemiston Avenue, Suite 602
Clayton, MO 63105
Phone: (314) 726-3040
cormsby@crotzerormsby.com
agabel@crotzerormsby.com

John A. Safarli
Floyd, Pflueger & Ringer, P.S.
200 W. Thomas Street, Suite 500
Seattle, WA 98119
Phone: (206) 441-4455
jsafarli@floyd-ringer.com

/s/ Anthony E. Rothert