UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MISSOURI STATE CONFERENCE )
OF THE NATIONAL ASSOCIATION )
FOR THE ADVANCEMENT OF )
COLORED PEOPLE, et al., )
)
      Plaintiffs, )
)
vs. ) Case No. 4:14 CV 2077 RWS
)
FERGUSON-FLORISSANT )
SCHOOL DISTRICT, et al., )
)
      Defendants. )

## **MEMORANDUM AND ORDER**

On December 14, 2016, Plaintiffs filed a motion to alter the judgment entered in this case, asking that I include the parties' proposed voter education program in the judgment and apportion the costs for that program between Defendants. That same day, Defendant Ferguson-Florissant School District filed a notice of appeal in this matter. Plaintiffs argue the voter education program is an essential and substantive part of the remedy and also express concern that the judgment entered in this case may not be final until I apportion costs of the remedial program. Though Plaintiffs do not indicate the source of authority for their motion, I construe it to be a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). See Fed. R. App. P. 4(a)(4)(A)(iv) and 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters

a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A) [including a motion to alter the judgment under Rule 59]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").

The remedial order and judgment entered in this case ordered Defendants to implement a voter education program. The parties have submitted a joint proposal detailing what that program will include. To my understanding, the parties have agreed on who will bear the costs of implementing the program except for costs associated with producing the sample ballots and mailing agreed-upon materials to voters. As stated on the record at the December 19, 2016 hearing held in this matter, and for the reasons stated at that hearing, I will grant Plaintiffs' motion and approve the parties' proposed program and apportion costs for producing sample ballots and mailing agreed-upon materials to voters equally between Defendants.

At the December 19, 2016 hearing, the School District orally moved for a stay of the liability and remedy decisions entered in this matter pending appeal. Plaintiffs argued in opposition to the motion. The School District followed with a written motion, and Plaintiffs have filed a response in opposition.

While an appeal is pending from a final judgment that grants an injunction, "the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). In

deciding whether to stay an injunction, the court should consider: (1) whether the stay applicant has made a strong showing he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987). As I explained on the record at the December 19, 2016 hearing after argument by all the parties, and for the reasons stated on the record, after careful consideration of these factors, I will stay the judgment and injunction entered in this case pending resolution of the Defendants' appeal to the Eighth Circuit Court of Appeals. It is my intention to stay the injunctions entered at both the liability and remedial stages of this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Alter Judgment #[227] is **GRANTED**. An amended judgment will issue in a separate document.

**IT IS FURTHER ORDERED** that Defendant Ferguson-Florissant School District's motion for a stay of the amended judgment and injunction entered in this case pending appeal #[234] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of December, 2016.