UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MISSOURI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:14-cv-02077-RWS |
| FERGUSON-FLORISSANT SCHOOL DISTRICT and ST. LOUIS COUNTY BOARD OF ELECTIONS COMMISSIONERS, | ) ) ) ) ) | |
| Defendants. | ) | |

## Memorandum in Support of Motion to Vacate Stay

### I. Background

On December 21, 2016, this Court entered an amended judgment and injunction. ECF No. 243. The injunction provided that:

> Defendants Ferguson-Florissant School District and the St. Louis Board of Election Commissioners are enjoined from conducting elections for the Ferguson-Florissant School Board via the traditional at-large electoral method at issue in this litigation. Defendants shall implement a cumulative voting at-large electoral system for Ferguson-Florissant School Board elections with a voter education program. Costs for the education program are to be apportioned as agreed by the parties, except that costs for production of sample ballots and mailing of agreed-upon materials to voters are apportioned equally between Defendants. The parties shall comply with all provisions stated in the Remedial Order entered November 21, 2016.

*Id.* Also on December 21, 2017, this Court stayed the amended judgment and injunction entered in this case pending appeal. ECF No. 242. On July 3, 2018, the Court of Appeals entered judgment affirming this Court's judgment. ECF No. 264. On August 6, 2018, the Court of

1

Appeals denied Ferguson-Florissant School District's requests for panel and en banc rehearing. ECF No. 265. The mandate issued on August 14, 2018. ECF No. 268.

## II. Argument

In addressing the propriety of a stay, courts must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). The "party requesting a stay bears the burden of showing that the circumstances justify" a stay. *Nken*, 556 U.S. at 434. And "[t]he party seeking a stay pending appeal *must* show" the presence of each of these factors in order to obtain a stay. *James River Flood Control Ass'n. v. Watt*, 680 F.2d 543, 544 (8th Cir. 1982). In addition, where seeking a stay pending disposition of a petition for certiorari, a proponent must persuade the Court that there is "a balance of hardships in their favor" and that four Justices "would likely vote to grant a writ of certiorari." *New York Times Co. v. Jascalevich*, 439 U.S. 1304, 1304 (1978) (Marshall, J., in chambers).

The District has not prevailed in this matter. This Court entered judgment against the District and the Board of Elections. The Eighth Circuit affirmed. Rehearing was denied without a single judge indicating he or she would grant the petition for rehearing en banc or by the panel. The District cannot show it is likely to succeed on the merits.

The District will not be irreparably harmed if the stay is vacated. As this Court noted, the "School District d[id] not contest that a cumulative voting system would give African Americans an equal opportunity to elect their candidates of choice," ECF No. 212 at 13, and "agree[d] that

2

cumulative voting is effective in cases where minority voters have been entirely unable to elect their candidates of choice," *id.* at 20.

Continuation of the stay will harm Plaintiffs and other interested parties. Discriminatory voting procedures are "the kind of serious violation of the Constitution and the Voting Rights Act for which courts have granted *immediate* relief." *United States v. City of Cambridge,* 799 F.2d 137, 140 (4th Cir.1986) (emphasis added). A continued stay permits the defendants to continue to hold elections under a system that this Court and the Court of Appeals have unanimously found to violate Section 2 of the Voting Rights Act. The "Voting Rights Act protects the public interest in the due observance of all constitutional guarantees and the individual's right to vote." *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 692 (7th Cir. 1986). Courts thus routinely find that violations of Section 2 of the VRA constitute irreparable harm to plaintiffs and minority voters warranting immediate relief. *See, e.g.*, *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1735 (2015); *Michigan State A. Philip Randolph Inst. v. Johnson*, 833 F.3d 656, 669 (6th Cir. 2016), *stay denied*, 137 S. Ct. 28 (2016).

The public interest favors vacating the stay. "While states have a strong interest in their ability to enforce state election law requirements, the public has a strong interest in exercising the fundamental political right to vote." *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012). In the context of elections, "[t]he public has an interest in seeing that the State … complies with federal law…" *Charles H. Wesley Educ. Found., Inc. v. Cox*, 324 F. Supp. 2d 1358, 1369 (N.D. Ga. 2004), *aff'd*, 408 F.3d 1349 (11th Cir. 2005). It is in the interest of the public that the stay be vacated so that public education about cumulative voting can commence in advance of the deadline for candidates to decide whether to stand for election.

Finally, the District has not petitioned the Supreme Court for certiorari, and even if it does, it cannot show that there are four likely votes to issue a writ of certiorari. "A petition for a writ of certiorari will be granted only for compelling reasons." U.S. Sup. Ct. R. 10. To obtain a writ of certiorari, the District would need to convince four Justices that the Eighth Circuit has either "entered a decision in conflict with the decision of another United States court of appeals on the same important matter; has decided an important federal question in a way that conflicts with a decision by a state court of last resort; or has so far departed from the accepted and usual course of judicial proceedings, or sanctioned such a departure by a lower court, as to call for an exercise of [the Supreme] Court's supervisory power" or "decided an important question of federal law that has not been, but should be, settled by [the Supreme] Court, or has decided an important federal question in a way that conflicts with relevant decisions of [the Supreme] Court." *Id*. Perhaps the best indication that the District is unlikely to convince four Justice that such an issue is present is that not a single Eighth Circuit judge signaled that he or she believes the case "involves a question of exceptional importance," by indicating he or she would grant the petition for rehearing en banc. *See* Fed. R. App. P. 35. The closest the District might come to making a showing is its theory that there is a split between the Fourth Circuit, on the one side, and the Second, Fifth, Eleventh, D.C., and now Eighth Circuits, on the other side of the question of whether a traditional minority group with a bare numerical majority is barred from seeking relief under section 2. This case, however, is not a vehicle by which the Supreme Court could resolve that perceived split because, as a matter of fact found by this Court and affirmed by the Eighth Circuit, whites continued to outnumber blacks within the District. On this point, this case was decided on a question of fact, not a question of law.

4

In addition to vacating the stay, this Court should direct the parties to meet, confer, and propose a voter education program. The amended judgment and injunction provides that "Defendants shall implement a cumulative voting at-large electoral system for Ferguson-Florissant School Board elections with a voter education program." ECF No. 243. Earlier in this litigation the Court directed the parties to "submit a joint proposal for a voter education program on cumulative voting." ECF No. 215. The parties did so, but that proposal contemplated an election utilizing cumulative voting in 2017, which did not happen. A new program should take into account dates pertinent to the April 2019 school board election.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 669-3420

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2018, I filed the foregoing document using the e-filing system, thereby serving electronic copies to all counsel of record.

/s/ Anthony E. Rothert