# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MISSOURI STATE CONFERENCE OF THE, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 4:14 CV 2077 RWS |
| FERGUSON-FLORISSANT SCHOOL DISTRICT, et al., ) ) ) ) | |
| Defendants. ) | |

## DEFENDANT FERGUSON FLORISSANT SCHOOL DISTRICT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE STAY

COMES NOW Defendant Ferguson-Florissant School District, and for its Memorandum in Opposition to Plaintiffs' Motion to Vacate Stay, states as follows:

Federal Rule of Civil Procedure 62(c) states, in relevant part: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Federal Rule of Appellate Procedure 8(a)(1) states, in relevant part: "A party must ordinarily move first in the district court for the following relief: (a) A stay of the judgment or order of the district court pending appeal[.]" This Court requires that "[t]he party seeking a stay pending appeal must show (1) that it is likely to succeed on the merits; (2) that it will suffer irreparable injury unless the stay is granted; (3) that no substantial harm will

1

come to other interested parties; and (4) that the stay will do no harm to the public interest." *James River Flood Control Ass'n. v. Watt*, 680 F.2d 543, 544 (8th Cir. 1982).

The District's Motion to Stay Pending Appeal, which was granted by this Court, remains valid for the same reasons cited in its original motion. ECF No. 234. First, the District will be petitioning the Supreme Court for certiorari. Based on Voting Rights Act cases decided as recently as the Supreme Court's last session, we believe that it is not unlikely that the Court will grant our petition because it does "involve a question of exceptional importance." U.S. Sup. Ct. R. 10. Additionally, as pointed out by Plaintiffs' in their Motion, there is a split between Circuits on the question of whether a traditional minority group with a bare numerical majority is barred from seeking relief under section 2. Defendant also believes the fact that the District was required to conduct at-large elections pursuant to Missouri law and had no intent to violate any law – Missouri or federal – will be an issue that the Supreme Court will find merit. The District is likely to succeed on the merits of its appeal.

The second factor for a stay remaining in effect is whether the District will suffer irreparable injury. *James River* at 544. The current board members were duly and lawfully elected under the current at-large system. Elections since this Court's decision have continued to see African-Americans being elected or re-elected each year, resulting in, using Plaintiffs' statistics, proportional representation. Changing the current system to implement cumulative voting will irreparably harm the District by reversing this trend for African-American representation. In addition, changing the current system while the District's appeal remains active will cause the voters to suffer irreparable

injury by inserting confusion. To change to cumulative voting, only to have to return to the current system, would not be a positive result for the voters or candidates. Granting Plaintiffs' Motion to Vacate the Stay will result in irreparable harm to the District's Board of Education and those they represent.

The third factor requires that no substantial harm will come to other interested parties. *Id.* The St. Louis County Board of Elections Commissioners ("BOEC") is a party to this action. There is no harm to the BOEC by keeping the *status quo* and maintaining the current at-large system. Neither will Plaintiffs incur substantial harm, since current minority representation on the school board reflects the African-American voting population, using Plaintiffs' statistics. Any harm in continuing to delay the potential implementation of an alternative and confusing electoral system remains *de minimus*.

Finally, continuing the stay will do no harm to the public interest. *Id.* As this Court originally indicated when granting the District's Motion to Stay, the public interest is best served by providing a stable electoral system. Voters remain best served by keeping the current system until a decision about any new system is ultimately determined by the U.S. Supreme Court, or until they deny certiorari. Injecting uncertainty in the process by implementing an entirely new system of voting (which may result in majority minority representation as soon as the next election) is not in the public interest. Nor is it in the public interest to implement a new system of voting while it remains possible this Court's decision could be reversed.

For these reasons, the District requests this Court deny Plaintiffs' Motion to Vacate Stay until such time as all appeals are exhausted.

Respectfully submitted,

CROTZER & ORMSBY, LLC


*/s/ Cindy Reeds Ormsby*
Cindy Reeds Ormsby, ED#50986MO
Attorney for Ferguson-Florissant School District
130 S. Bemiston, Suite 602
Clayton, MO 63105
314.726.3040/314.726.5120 (fax)
cormsby@crotzerormsby.com

## CERTIFICATE OF SERVICE

On August 23, 2018, the foregoing documents was filed using the e-filing system, thereby serving electronic copies to all counsel of record.

*/s/ Cindy Reeds Ormsby*