UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MISSOURI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., <br><br>      Plaintiffs, <br><br>v. <br><br>FERGUSON-FLORISSANT SCHOOL DISTRICT and ST. LOUIS COUNTY BOARD OF ELECTIONS COMMISSIONERS, <br>      Defendants. | No. 4:14-cv-02077-RWS |

**Reply to Memorandum in Opposition to Motion to Vacate Stay**

**I.    This Court should not expand its stay.**

This Court indicated it "will stay the judgment and injunction entered in this case pending resolution of the Defendant's appeal to the Eighth Circuit Court of Appeals." ECF No. 242. That appeal is exhausted, so the stay has been in place exactly as long as this Court said it would be. Now, it should be vacated.

The District opposes lifting the stay and instead urges this Court to extend its stay through its effort to seek a writ of certiorari. This request should be denied.

Notably, the District did not ask the Eighth Circuit to stay issuance of the mandate. Federal Rule of Appellate Procedure 41(d)(2) provides the process for staying the mandate pending a petition for writ of certiorari, and the District

1

elected not to make any such request of the Court of Appeals. It is because of the District's inaction that the mandate has issued, jurisdiction has returned to this Court, and the appeal to the Eighth Circuit is exhausted.

Moreover, delaying efforts to put this Court's amended judgment and injunction into action will cause real harm. If the stay is extended until denial of a petition for writ of certiorari that will not be filed for some months, then, even assuming there are no extensions of time granted, the denial will likely come too late for "Defendants [to] implement a cumulative voting at-large electoral system for Ferguson-Florissant School Board elections with a voter education program," ECF No. 243, in time for the April 2, 2019 school board election. The Board of Elections needs time to design a ballot that will allow cumulative voting. A voter education program will require planning and production of materials and a video as well as the planning and presentation of public meetings. *See, e.g.*, ECF No. 225. These are matters that cannot be accomplished effectively if preparation waits until disposition of the promised writ petition. The result of waiting would be untenable: another election under a scheme that violates the Voting Rights Act, even after Plaintiffs prevailed in this Court as well as the Eighth Circuit and even if the Supreme Court declines to review the case.

On the other hand, there is no harm to moving forward with the remedy. In the event the petition for writ of certiorari is granted, the District could request a

stay to bring preparations to a halt well in advance of the election. Moreover, if the District believes a stay is necessary earlier, then it can ask the Supreme Court to issue one. The Justices are in a better position to predict if this is one of the rare cases in which certiorari will be granted.

This Court carefully considered the facts and law in reaching its judgment, a unanimous panel of the Eighth Circuit affirmed, and not a single Court of Appeals judge indicated he or she believed rehearing en banc was warranted. Under these circumstances, it would not be reasonable for this Court to conclude that the District is likely to prevail in this matter. The District points to nothing other than its belief that it will prevail to suggest otherwise. That is insufficient.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
Phone: (314) 669-3420

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2018, I filed the foregoing document using the e-filing system, thereby serving electronic copies to all counsel of record.

/s/ Anthony E. Rothert