UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MISSOURI STATE CONFERENCE          )
OF THE NATIONAL ASSOCIATION        )
FOR THE ADVANCEMENT OF             )
COLORED PEOPLE, et al.,            )
                                   )
            Plaintiffs,            )
                                   )
      vs.                          )          Case No. 4:14 CV 2077 RWS
                                   )
FERGUSON-FLORISSANT                )
SCHOOL DISTRICT, et al.,           )
                                   )
            Defendants.            )

## MEMORANDUM AND ORDER

Plaintiffs move to lift the stay I ordered in this Voting Rights Act case. Because the relevant factors no longer favor a stay, I will grant Plaintiffs' motion to lift the stay.

## BACKGROUND

Plaintiff residents in the Ferguson-Florissant School District (the "District") brought this Voting Rights Act case to challenge an at-large school board election system. After a bench trial, I found that Defendants violated Section 2 of the Voting Rights Act by conducting an at-large voting system that disfavored the election of African American residents' preferred candidates. [No. 185]. Specifically, I found that—although 48.19% of the voting age population in the District identified as any-part Black, and 48.95% of the voting age population in the District identified as non-Hispanic single-race white according to the 2010 Decennial Census—white preferred candidates (88.9% success rate) were more than twice as likely to be elected than African American-preferred candidates (48.1% success rate) from 2000 through 2015. I also found that African American voters in the district were "large and geographically compact" and "politically cohesive," and that the white majority voted "sufficiently as a bloc . . . to defeat the minority's preferred candidate." Thornburg v. Gingles, 478 U.S. 30, 106 (1986). Considering a

totality of the circumstances, I found that the political process was not equally open to minority voters.

To remedy this Section 2 violation, I ordered Defendants to implement a cumulative voting system and a voter education program. [No. 212]. On December 21, 2016, I suspended this injunctive relief pursuant to Federal Rule of Civil Procedure 62(c), pending resolution of the Defendants' appeal to the United States Court of Appeals for the Eighth Circuit. [No. 242]. On July 3, 2018, the Eighth Circuit affirmed my ruling. The Eighth Circuit also denied Defendants' petitions for a rehearing by the panel and for a rehearing en banc. [No. 265].

Plaintiffs now move to lift the stay. [No. 269]. They argue that the conditions favoring the stay no longer exist, because Defendants' have exhausted their options for appeal within the Eighth Circuit. Defendant District argues that lifting the stay will create uncertainty because it plans to file a petition for writ of certiorari with the Supreme Court. On September 27, 2018, I held a motion hearing on plaintiffs' motion to lift the stay, which is now fully briefed.

## LEGAL STANDARD

I have discretion to "suspend, modify, restore, or grant an injunction" pursuant to Federal Rule of Civil Procedure 62(c). In addressing the propriety of imposing or lifting such a stay, I should consider (1) the likelihood of the movant's success on the merits, (2) whether irreparable injury will result to the movant absent a stay, (3) whether substantial injury results to other parties if a stay is issued, and (4) the public interest. Nken v. Holder, 556 U.S. 418, 433–34 (2009). When a petition for writ of certiorari is pending, a proponent of a stay must persuade me that (1) there is "a balance of hardships in their favor" and (2) four Justices "would likely vote to grant a writ of certiorari." New York Times Co. v. Jascalevich, 439 U.S. 1304, 1304 (1978)

(Marshall, J., in chambers). The party requesting a stay bears the burden of establishing the propriety of a stay. Nken v. Holder, 556 U.S. at 433-34.

## ANALYSIS

The District argues that the factors favoring a stay on December 21, 2016, apply to the current circumstance as well. Specifically, when imposing this stay, I emphasized the uncertainty that would be created if the District implemented a new voting system while the Eighth Circuit reviewed that requested relief. Such a situation was not in the public interest and the resulting uncertainty could harm the District, candidates, and voters.

The circumstances have changed. In December 2016, the District enjoyed the right to appeal and argue their case before a United States Court of Appeals for the Eighth Circuit. Since that time, the Eighth Circuit has affirmed my rulings in this case, and has declined to rehear this matter. Further, the United States Supreme Court exercises discretionary review and only grants petitions for writs of certiorari in limited circumstances "for compelling reasons." U.S. Sup. Ct. R. 10. In this context, Defendant District has not met its burden to establish a likelihood that the United States Supreme Court would grant certiorari. See New York Times Co. v. Jascalevich, 439 U.S. at 1304.

Additionally, Plaintiffs convincingly argue that the factors articulated in Nken favor lifting the stay. First, the continuation of this stay will harm plaintiffs by retaining an election system that I found violates Section 2 of the Voting Rights Act. See, e.g., Michigan State A. Philip Randolph Inst. v. Johnson, 833 F.3d 656, 669 (6th Cir. 2016), stay denied, 137 S. Ct. 28 (2016). Second, "[t]he public has a strong interest in exercising the fundamental political right to vote," Obama for Am. v. Husted, 697 F.3d 423, 436 (6th Cir. 2012) (quoting Purcell v. Gonzalez, 549 U.S. 1, 4, (2006)), and as a result, the public interest favors lifting the stay.

Furthermore, plaintiffs have already succeeded on the merits, and that ruling has been affirmed. As a result, I will lift the stay in this matter, noting that defendants may still pursue an emergency stay under United States Supreme Court Rule 23.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to lift the stay in this matter, [No. 269], is **GRANTED**.

**IT IS FURTHER ORDERED** that a status hearing will be held in this matter on **Monday, November 26, 2018, at 10:30 am** in Courtroom 16-South.

**IT IS FURTHER ORDERED** that the plaintiffs' will file with the Court a tentative voter education plan no later than **November 21, 2018**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of October, 2018.