# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MISSOURI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> FERGUSON-FLORISSANT SCHOOL DISTRICT and ST. LOUIS COUNTY BOARD OF ELECTIONS COMMISSIONERS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) No. 4:14-cv-02077-RWS ) ) ) ) ) ) ) |

## Notice of Supplemental Authority

Plaintiffs respectfully bring to the Court's attention the decision of the Fourth Circuit Court of Appeals in *Brandon v. Guilford County Board of Elections*, which was issued last week and is attached to this Notice of Supplemental Authority. *See Brandon v. Guilford Cty. Bd. of Elecs.*, No. 18-1123, --- F.3d ----, 2019 WL 1590903 (4th Cir. Apr. 15, 2019).

In *Brandon*, the appellate court reversed a district court's decision not to award attorney fees to prevailing plaintiffs in a challenge to a state redistricting law brought under 42 U.S.C. § 1983. The defendant county board had taken no position on the constitutionality of the state law and had stipulated to facts, which the district court had found constituted "special circumstances" sufficient to justify awarding no fees.

The majority of the appellate court panel disagreed, writing that—rather than punishing bad actors—fee-shifting statutes for civil rights claims were intended to ensure civil rights plaintiffs had "access to courts to enjoin enforcement of unconstitutional laws" in order to advance "the national policy of facilitating the redress of civil rights grievances — irrespective

1

of whether the party enjoined was responsible for enacting the law at issue." *Id.* at *4. As such, "'[i]nnocence' or a 'lack of responsibility' for the enactment of an unconstitutional law" was "not an appropriate criterion to justify denying a fee award against the party responsible for and enjoined from enforcing the unconstitutional law." *Id.* at *1. The county board's neutral position had indeed "streamlined the litigation," which had reduced fees, but it had not eliminated the costs the plaintiffs had borne to secure their rights. *Id.* at *4. The court therefore concluded the district court had "abused its narrowly circumscribed discretion in holding that 'special circumstances' existed in this case." *Id.* at *6.

        Respectfully submitted,

        /s/ Anthony E. Rothert
        ANTHONY E. ROTHERT, #44827MO
        ACLU of Missouri Foundation
        906 Olive Street, Suite 1130
        St. Louis, Missouri 63101
        Phone: (314) 669-3420