UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MISSOURI STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14 CV 2077 RWS |
| | ) | |
| FERGUSON-FLORISSANT SCHOOL DISTRICT, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Plaintiffs' motion for attorneys' fees.  Plaintiffs, the Ferguson-Florissant School District (FFSD), and the St. Louis County Board of Election Commissioners (BOEC) all previously came to an agreement on the issue of Plaintiffs' attorneys' fees and costs, though the agreement was not final [see ECF No. 226].  The appeal of this case has now concluded, and the Parties are at an impasse on the remaining issue of attorneys' fees.  In past conversations with the Court, the Parties indicated they would be willing to return to mediation regarding the amount of a fee award if I first rule on the threshold question of whether Plaintiffs are entitled to an award.  For the reasons below, I find that Plaintiffs are entitled to an award of

attorneys' fees, and I will refer the matter to alternative dispute resolution so the Parties can attempt to reach an agreement.

## I.     Background

Plaintiffs prevailed in this Voting Rights Act case.  After a bench trial, I determined that Defendants' method of conducting traditional at-large elections to elect members of the Ferguson-Florissant School District Board violated Section 2 of the Voting Rights Act of 1965.  Defendants are now enjoined from conducting traditional at-large elections, and they must conduct elections using a cumulative voting at-large electoral system.

When I issued the judgment in this case, I referred the matter to mediation on the issue of attorneys' fees and non-taxable expenses [ECF No. 216].  At the December 7, 2016 mediation, the Parties reached a tentative settlement that was conditioned on multiple factors, including approval by the Ferguson Florissant School District Board [ECF No. 226].  The Mediator reported the Board did not approve the fee agreement, and FFSD filed an appeal of the final injunction.

The United States Court of Appeals for the Eighth Circuit has since affirmed the District Court's judgment, and to date, the Parties have not reached an agreement on the issue of fees.  Plaintiffs filed a motion for $1,137,920.05 in attorneys' fees and $232,320.43 in non-taxable expenses on December 20, 2016, and it remains pending [ECF No. 266].

## II.    Legal Standard

"In any action or proceeding to enforce the voting guarantees of the Fourteenth

or Fifteenth Amendment," the Voting Rights Act allows for the prevailing party to

recover "a reasonable attorney's fee, reasonable expert fees, and other reasonable

litigation expenses as part of the costs."  52 U.S.C. § 10310(e).  Because the language

in this provision is "nearly identical" to the language of 42 U.S.C. § 1988, courts

construe the two statutes similarly. See Hastert v. Illinois State Bd. of Election

Comm'rs, 28 F.3d 1430, 1439 n.10 (7th Cir. 1993), as amended on reh'g (June 1,

1994).

The amount a court awards to the prevailing party should be determined based

on the facts of the case. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983).  Factors

bearing on the amount a court awards may include

> (1) the time and labor required; (2) the novelty and difficulty of the questions;
> (3) the skill requisite to perform the legal service properly; (4) the preclusion of
> employment by the attorney due to acceptance of the case; (5) the customary
> fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by
> the client or the circumstances; (8) the amount involved and the results
> obtained; (9) the experience, reputation, and ability of the attorneys; (10) the
> "undesirability" of the case; (11) the nature and length of the professional
> relationship with the client; and (12) awards in similar cases.

Id. at 430 n.2 (1983) (citations omitted).  "The attorneys' fee issue should not result

in a second major litigation . . . ideally the litigants will settle the amount of the fee."

Jenkins by Agyei v. State of Mo., 838 F.2d 260, 264 (8th Cir. 1988) (echoing the

concern of the United States Supreme Court in <u>Hensley</u>, 461 U.S. 424), <u>aff'd sub nom.</u> <u>Missouri v. Jenkins by Agyei</u>, 491 U.S. 274 (1989).

## III.  Analysis

When considering a motion for attorneys' fees, I first consider whether the prevailing party is entitled to fees.  If fees are warranted, I must then determine how much to award.  This Memorandum and Order focuses on the first question: whether fees are due to Plaintiffs.

The purpose of attorney fee awards in civil rights cases "is to ensure 'effective access to the judicial process' for persons with civil rights grievances." <u>Hensley</u>, 461 U.S. at 429 (quoting H.R. Rep. No. 94–1558, p. 1 (1976)).  In civil rights cases, "attorneys' fees should ordinarily be awarded to the prevailing party unless 'special circumstances' exist to make an award unjust."  <u>Borengasser v. Arkansas State Bd. of Educ.</u>, 996 F.2d 196, 199 (8th Cir. 1993) (citing 42 U.S.C. § 1988).  The special circumstances exception is "judicially created" and should be "narrowly construed." <u>Hatfield v. Hayes</u>, 877 F.2d 717, 720 (8th Cir. 1989) (citation omitted).

Plaintiffs prevailed in this case, and neither Defendant identifies a special circumstance that would make a fee award unjust.  FFSD argues it had no choice but to litigate this action and that FFSD's students would be most harmed were I to require FFSD to pay Plaintiffs' attorneys' fees.  BOEC argues that it does not perform duties as an "enforcement official," that BOEC did not cause Plaintiffs to

incur any fees beyond what Plaintiffs would have incurred litigating solely against FFSD, that Plaintiffs did not list any BOEC actions in their prayer for relief, and that BOEC did not take a position on the merits of Plaintiffs' Voting Rights Act claim. These are not special circumstances that would make an award of attorneys' fees unjust.

The District's contention that it held at-large elections only as required by state statute does not constitute a special circumstance preventing the award of fees.  The Eighth Circuit has observed that a civil rights case will usually involve "officials enforcing a law or *otherwise defending state action* [who] believe, or at least hope, that the law or action in question will be upheld against a federal constitutional attack.  The point of § 1988 is that such officials proceed at their peril."  Carhart v. Stenberg, 192 F.3d 1142, 1152 (8th Cir. 1999) (emphasis added), aff'd, 530 U.S. 914 (2000).  Because FFSD and BOEC were the named defendants involved in implementing the invalid election structure, § 1988 places the financial burden of bringing this action on them, not the prevailing Plaintiffs. Congress has determined "that the burden rests more properly on them than on the party who has been wronged by the application of an invalid law." Id.

BOEC's argument against fees on the ground BOEC was not an enforcement official fails for similar reasons as FFSD's argument that the election structure is determined by state law.  C.f. Brandon v. Guilford Cty. Bd. of Elections, 921 F.3d

5

194, 196 (4th Cir. 2019) ("Civil rights fee-shifting statutes, such as those at issue here, are not meant to punish defendants for a lack of innocence or good faith but rather to compensate civil rights attorneys who bring civil rights cases and win them.") (citations omitted).

BOEC's posture in the litigation is similarly not a special circumstance warranting the denial of fees.  In Hastert v. Illinois State Bd. of Election Comm'rs, the United States Court of Appeals for the Seventh Circuit considered a motion for attorneys' fees against a board of election commissioners.  The defendant board in Hastert—like BOEC—was neutral on whether the Court should grant relief, what form that relief should take, and was itself not a significant cause of the prevailing plaintiffs' fees.  See 28 F.3d 1430 (1993).  The Seventh Circuit's reasoning in Hastert is persuasive.  The Hastert Court determined that it was "of no consequence that the State Board of Elections played no active role in the proceedings and agreed to enforce whatever plan the district court adopted." 28 F.3d 1430, 1444 (7th Cir. 1993) as amended on reh'g (June 1, 1994).  The court decided that "the State Board of Elections, as an agency of the state, may properly be held accountable for the prevailing parties' attorneys' fees."  Id.

Here, the judgment enjoins both FFSD and BOEC, and Plaintiffs are the prevailing party against both Defendants.  BOEC remained a Defendant during the entirety of the case.  It did not default or concede liability prior to trial.  C.f. 838 F.2d

6

260, 266 (8th Cir. 1988), aff'd sub nom. Missouri v. Jenkins by Agyei, 491 U.S. 274

(1989) (holding a district court did not abuse its discretion when it "consider[ed] the

amount of time spent litigating against the respective defendants . . . in apportioning

liability for fees" when one of the parties *conceded liability* prior to trial) (emphasis

added).  While BOEC may not have actively participated during litigation, Plaintiffs

prevailed at trial against BOEC just as they did against FFSD.  BOEC is jointly and

severally liable for the total fee award. See also Carhart, 192 F.3d at 1152

("[Defendant's] role in the proceedings may have been minor, but this does not

excuse him from having to share in the actual costs. He relied on his co-defendants to

present their defense . . .").

## IV.   Conclusion

This memorandum and order applies solely to the threshold question of

liability.  I find that FFSD and BOEC are jointly and severally liable to Plaintiffs for

the eventual fee award.  However, my analysis in this memorandum and order would

not have a strong bearing on whether I would award all fees Plaintiffs seek; I would

determine the amount of an attorney fee award based on a wide variety of factors I do

not discuss here.  For example, the issue of FFSD's "ability to pay" has been

discussed by the Parties.  This case does not present a straightforward question of

whether FFSD is *able* to pay—FFSD has the money to pay Plaintiffs' fees and non-

taxable expenses—but rather who would bear the cost of that payment.  Plaintiffs'

financial calculations of FFSD's resources notwithstanding, I remain concerned about a situation in which Plaintiffs obtain an award of fees that would cause FFSD to make decisions that place the burden on FFSD students and families, the very people Plaintiffs brought this case to help.  While it is clear that some fees are warranted, determining the exact amount of those fees will require me to undertake further consideration of the Parties' submissions if they are unable to find a mutually agreeable arrangement that satisfies the purposes of 52 U.S.C. § 10310(e) and 42 U.S.C. § 1988 without causing undue harm to FFSD's students.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for attorneys' fees [236] is **GRANTED** in part.

**IT IS FURTHER ORDERED** that FFSD and BOEC are jointly and severally liable for attorneys' fees in an amount to be determined.

**IT IS FURTHER ORDERED** that this case shall be referred to Alternative Dispute Resolution on **June 1, 2020** regarding the amount of fees and costs to be awarded.  That reference shall terminate on **August 28, 2020**.


RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of May, 2020.